Thompson, Justice,
 

 delivered the opinion of the court. — This was a summary proceeding in the circuit court of the district of Columbia, on the application of the Levy Court of Washington county, against the marshal of the district, to recover their proportion of the fines, forfeitures and penalties collected, or which it is alleged ought to have been collected, by the marshal, and paid over to the Levy Court, under the provisions of the 2d section of the act of congress, supplementary to the act entitled, “an act concerning the district of Columbia,” passed 3d of March 1801. (2 U. S. Stat. 115.)
 

 The account containing the claim on the part of the plaintiffs *was referred to the auditor to examine and receive testimony thereon, and report to the court. By his first report, a balance of $364.46 was found in favor of the marshal. Exceptions were taken to this report, and the account was again referred to the auditor, with directions to disallow $814.95, which in the first report, had been allowed for the repairs of the jail; and upon the second report a balance of $613.31 was found against the marshal. To this report, exceptions were taken by the plaintiffs, but disallowed by the court; and judgment rendered for the balance reported by the auditor. Upon which a writ of error has been brought to this court, and the exceptions taken have been presented under the following heads : 1. Does not the law require the marshal to apply to the district-attorney for executions, in all cases of fines levied by the circuit court, and make him liable for neglecting to do so, if no execution be issued ? 2. Is not the Levy Court entitled to one-half of all the fines, penalties and forfeitures imposed by the
 
 *291
 
 circuit court, in cases at common law, and under the acts of congress, as well as the acts of the assembly of Maryland, adopted as the law of this district, by congress ? 3. Is the marshal liable to pay interest on the money found . to be due from him to the Levy Court, and which he has or ought to have . collected and paid over ? The decisions of these questions must depend • entirely upon the acts of congress and the laws of Maryland, which have : been adopted as the law of Washington county in this district.
 

 1. The act of congress of 1801, before referred to, provides, that the marshal shall have the same power regarding the collection of the fines, and be subject to the same rules and regulations as to the payment thereof, as ; the sheriffs of Maryland are subject to, in relation to the same. The first point turns upon the question, whether it was the marshal’s duty to apply to the district-attorney for executions ; and his duty to, issue them, on such application. The second section of the Maryland act of 1795, ch. 74, declares, that it shall and may be lawful for the attorney-general *of this state, or either of his deputies,
 
 ex officio,
 
 and they are hereby directed and [*453 required, on the application of the sheriffs of the respective counties in this state, to order a writ or writs of
 
 ccvpias ad satisfaciendum
 
 to be issued, for the recovery of all fines, penalties and forfeitures, which have or may hereafter be imposed by any court of record in this state, together with the costs accruing thereon. And by the 7th section, the sheriffs are made answerable for all fines, penalties and forfeitures, imposed by the judgment of any court, where no writ of execution shall issue for the recovery of such fine, &c. ; unless the sheriff shall make it appear to the satisfaction of the treasurer, that the party on whom such fine, &c., was imposed, was insolvent and itnable to pay the same.
 

 This latter section may well admit of the construction, that it applies only to cases where the party is committed by order of the court, without an execution. But if construed in connection with the second section, it will still leave the question open, whether the district-attorney was bound, on the application of the marshal, to issue a
 
 capias ad satisfaciendum
 
 in all cases ? and if he was not, it can hardly be pretended, that the marshal is made responsible for not collecting the fine. If this question rested entirely upon the Maryland laws before referred to, there would be strong grounds for the conclusion, that it was the duty of the marshal to apply to the district-attorney to issue the executions, and that he was bound to issue them accordingly. But the district-attorney here derives his authority from the acts of congress, and not from the laws of Maryland, and his rights and duties are to be collected from those acts ; and although the attorney-general in Maryland might have been bound to issue executions, on the application of the sheriff, it does not follow, that the district-attorney is alike subject to the orders of the marshal in this respect. It becomes necessary, therefore, to inquire, whether the district-attorney is bound to comply with the request of the marshal, if made ; and to issue executions in all cases, without exercising his own judgment on the subject. The act of congress of the 27th of February 1801 (2 U. S. Stat. 103), provides for the appointment of a marshal and a district-attorney. The former is to have, within this district, the same powers, and perform the same duties, as is by law directed and provided in the case of *marshals of the United States ; and the latter is to perform all the duties required of the district- *-
 
 *292
 
 attorneys of the United States : and by the 35th section of the judiciary act of 1789 (1 U. S. Stat. 92), it is enacted, that there shall be appointed in each district, a meet person, learned in the law, to act as attorney for the United States in such district; whose duty it shall be, to prosecute in such district all delinquents for crimes and offences, cognisable under the authority of the United States, &c.
 

 The marshal of this district is put on the same footing, with respect to his duties and powers, as other marshals of the United States. They are considered as mere ministerial officers, to execute process when put into their hands, and not made the judges whether such process shall be issued. And it would require the most clear and explicit provision, to clothe them with such power, so much out of the ordinary and appropriate powers and duties of the office. But to give the marshal authority to demand an execution, in all cases, is incompatible with the powers given to the district-attorney. He is specially charged with the prosecution of all delinquents for crimes and offences; and those duties do not end with the judgment or order of the court. He is bound to provide the marshal with all necessary process to carry into execution the judgment of the court. This falls within his general superintending authority over the prosecution. And whether an execution shall bo issued, or not, is more appropriately confided to the district-attorney, than it would be to the marshal. We are accordingly of opinion, upon the first point, that the law does not require the marshal to apply to the district-attorney for executions ; and that he is not liable for omitting to do so.
 

 2. The next question will depend upon the construction to be given to the second section of the act of congress of the 3d of March 1801 (2 U. S. Stat. 115), which declares, that all fines, penalties and forfeitures accruing under the laws of the states of Maryland and Virginia, which, by adoption, have become the laws of this district, shall be recovered, with costs, by indictment or information, in the name of the United States, or by action of debt, in the name of the United States and of the informer; one-half of which fine shall accrue to the United States, and the other half to the , informer ; and the said fine “'"shall be collected by or paid to the mar--I shal; and one-half thereof shall be by him paid over to the board" of commissioners,
 
 &o.
 
 (the levy court), and the other half to the informer. There is certainly some obscurity in the language here used, and the construction is not entirely' free from difficulty. And in this view of the law, various conjectures have been suggested, with respect to the intention of the legislature. It has been said, that no good reason can be assigned, why congress should have made any discrimination between penalties and forfeitures, affixed by statute to offences, and discretionary fines imposed by the court, in eases at common law. It is not perceived by the court, that any good reason does exists for such discrimination ; but the question is, whether the act of congress has made such discrimination. And although the intention of the legislature may be taken into view by the court, in the construction of a statute, where the language is so obscure and doubtful as to admit of different interpretations, yet we do not think the act in question falls within this rule.
 

 The inquiry is, what denomination of fines, penalties and forfeitures, is referred to in this act ? It is more a matter of description than anything
 
 *293
 
 else ; and is to be ascertained only by the act itself. They must be lines, penalties and forfeitures, accruing under the laws of Maryland, which, by adoption, have become the laws of this district; and which shall be recovered, with costs. This is language appropriate to the prosecution of a suit or action for some fixed and definite penalty ; but is inapplicable to mere discretionary fines, which may be imposed by the court or not, at its pleasure. But this is rendered more clear, by the direction as to the mode and form in which such fines; ¡penalties and forfeitures are to be recovered. It is to be by indictment or by .information, or by action of debt in the name of the United States and of the informer. The fine, forfeiture or penalty must be of such description that it may be recovered in either of these modes. If by indictment or information, it must be in the name of the United States ; if by action of debt, it is a
 
 qui Uvm
 
 action, in the name of the United Stateg and the informer. And the disposition of money, when recovered, would seem to leave no reasonable doubt on this question. One-half Us directed to be paid by the marshal to the levy court, and the other half to the informer ; and this distribution applies as well to that which is recovered by indictment or information, as to that which is recovered by action of debt. These provisions are entirely inapplicable to cases where there is no informer, who is to take one half. Those discretionary fines, imposed by the court by way of punishment for common-law offences, cannot fall within the class of fines designated in the statute ; for in such cases, there is no informer. In case of a fine imposed for an assault and battery, for instance, who is the informer ? The law knows of no such character ; and no distribution of the fine could be made, as required by the statute. There was no error, therefore, in the direction of the court upon this point.
 

 3. The claim for interest, we think, was properly disallowed. It appears from the auditor’s report, that the money was actually expended by the marshal in repairs and improvements on the jail; and that, too, under the opinion of the comptroller and auditor of the treasury department, that these expenditures were properly chargeable upon this fund. And although that opinion may not be well founded, it would be unreasonable, to charge the marshal with interest; the money not having remained in his hands, or been applied to his own use ; and the appropriation of it having been made under the sanction of the treasury department, ought to exonerate him from any charge of negligence, or intentional misapplication of the money. The judgment of the circuit court is, accordingly, affirmed, with costs.
 

 This cause came on to be heard, on the transcript of the record from the circuit court of the United States for the distinct of Columbia, holden in and for the county of Washington, and was argued by counsel: On consideration whereof, it is considered, ordered and adjudged by this court, that the judgment of the said circuit court in this cause be and the same is hereby affirmed, with costs.