STATE *versus* JOHN PILLSBURY.

An indictment, alleging that the respondent was a common seller, &c., on the first day of July, A. D., 1858, *and on divers days and times between that day and the day of finding an indictment* in October following, is not bad, although offences committed during a portion of that time are punishable under the Act of 1856, and during the remaining portion, under the Act of 1858.

The phrase "*and on divers days,*" &c., may be rejected as surplusage.

Or the attorney for the State may enter a *nol. pros.* as to offences committed after the law of 1858 took effect.

On such an indictment the respondent may be convicted under the Act of 1856, but not, *it seems,* under the Act of 1858.

EXCEPTIONS from the ruling of HATHAWAY, J.

The case is sufficiently stated in the opinion of the Court.

*H. L. Whitcomb,* for respondent.

The indictment alleges in a single count that the respondent was a common seller from July 1, 1858, to Oct. 1, 1858. The Act of 1858 went into operation July 15, 1858, and the Act of 1856 was continued in force for the punishment of offences previous to that date. The indictment alleges an offence under the Act of 1856, and one under the Act of 1858, and, as the penalties for being a common seller are different in the two Acts, the indictment is bad for duplicity. *State* v. *Nelson,* 8 N. H., 163; 2 Mass., 163; 2 Chitty's Crim. Law, 253.

If the indictment is adjudged good, the Court cannot determine under which Act to sentence the respondent.

*Appleton, Attorney General,* for the State.

The opinion of the Court was drawn up by

GOODENOW, J. — This is an indictment against the defendant as a common seller of intoxicating liquors, found October term, 1858, charging that he, " at Avon, in said county of Franklin, on the first day of July in the year of our Lord one thousand eight hundred and fifty-eight, and on divers other

days and times, between said first day of July aforesaid, and the day of finding this indictment, without any lawful authority, license or permission, was a common seller of intoxicating liquors, against the peace," &c.

To this indictment there was a demurrer and joinder, and judgment overruling the demurrer. To this judgment exceptions were duly taken.

The demurrer admits the facts duly alleged in the indictment. The defendant was then, on the first day of July, 1858, a common seller of intoxicating liquors contrary to the statute of 1856, which was in force and still is, for the purpose of punishing his offence and offences of others in like kind offending. "Divers other days," &c., may be rejected as surplusage, or the Attorney for the State may enter a *nol. pros.* as to offences which were committed after the law of 1858 took effect, to wit, on the 15th of July, 1858. *Commonwealth* v. *Stedman,* 12 Met., 444.

The defendant is not injured by this course. If the facts would have furnished him with a defence, he could have gone to the jury. He could have required the government to elect whether to proceed against him under the statute of 1856, or the statute of 1858. If they had elected to proceed under the statute of 1856, we are not able to see why they should not have prevailed. If they had elected to proceed under the statute of 1858, they might have encountered insurmountable obstacles. *Commonwealth* v. *Pray,* 13 Pick., 359.

*Exceptions overruled.*

TENNEY, C. J., and RICE, APPLETON, DAVIS, and KENT, JJ., concurred.