### RIJOS *v.* FOLGUERAS ET AL.

### APPEAL from the District Court of San Juan.

No. 470.—Decided June 21, 1910.

NATURAL CHILDREN—ACKNOWLEDGMENT—PRESCRIPTION.—It appearing from the face of the complaint herein that at the time it was filed plaintiff was at least 38 years of age, because, although the date of her birth is not stated therein, it does appear that her father died on April 29, 1869; and it not appearing that she had ever been acknowledged by her father in an authentic manner, nor that she had ever brought any action for filiation prior to the filing of the complaint herein, it is clear that any right which she might have had to be judicially declared his natural child was barred by prescription at the time this action was brought.

ID.—PRESCRIPTION—REVISED CIVIL CODE.—In this case, even admitting that at the time the Revised Civil Code went into effect plaintiff could have prosecuted an action for filiation and that the provisions of section 199 might be applied for her benefit, nevertheless, the action would have been barred by prescription because she allowed the period within which such an action could be brought to expire without seeking to have her right recognized.

ID.—ORIGIN OF RIGHT—ACKNOWLEDGMENT.—The right of a natural child originates in his acknowledgment, and in order that such an acknowledgment may be understood to have been made and be legally effective, it is necessary that it be made in a solemn and authentic manner by the father, and disclose his voluntary desire to make such an acknowledgment, which must appear in a public and authentic manner.

ID.—CASES IN WHICH ACTION FOR FILIATION SHOULD HAVE BEEN AND MUST BE EXERCISED.—Where a father performs acts tending to establish his paternity, and which in themselves do not constitute a solemn acknowledgment

made in an authentic manner, and in accordance with the Laws of Toro; where the conditions required by section 137 of the old Civil Code are present and when the things required by section 189 of the present Revised Civil Code are done, then an action for filiation should have been and must be brought, and the acknowledgment should have been, and must be, made to appear in the final judgment of a competent court.

ID.—NEGLIGENCE OF PARENTS AND NATURAL CHILDREN.—Where the parents and the natural children are negligent they must suffer the consequences of their own acts, and blame themselves, and not the law, which uniformly governs these matters of such great importance to society for the benefit of all.

The facts are stated in the opinion.

*Mr. Eduardo Cautiño* for appellant.

*Messrs. Bosch & Soto* for respondents.

MR. JUSTICE DEL TORO delivered the opinion of the court.

The plaintiff and the appellant, Emilia Rijos Córdova, filed a complaint in the District Court of San Juan against Teresa Folgueras *et al.,* for a judicial declaration of the condition of a natural daughter, etc. The defendants alleged that it appeared on the face of the complaint that the action exercised had prescribed, in accordance with the law which they cited, and the court, on September 18, 1909, rendered judgment dismissing the complaint without permission to amend it, with the costs against the plaintiff; which judgment was duly recorded on September 21, 1909, from which this appeal has been taken.

As a matter of fact it appears from the complaint itself that the plaintiff, at the time it was filed, was at least thirty-eight years of age, because, although it does not determine the date of the birth of the plaintiff, it sets forth that her father had died on April 29, 1869.

This being the case and as it does not appear that the plaintiff had been acknowledged by her father in a public and authentic manner, nor that she had brought an action for filiation before the institution of these proceedings, it is very clear that her right, if she ever had any, to obtain the judicial declaration of her acknowledgment as a natural daughter had prescribed by operation of the law at the time the complaint was filed.

"The right to enforce a personal obligation prescribes in 10 years; and a personal action and the final judgment rendered therein prescribes in 20 years, and not less; but where there is a mortgage in the obligation, or where the obligation is mixed, personal or real, the debt prescribes after 30 years and not in less; which shall be observed notwithstanding the provisions of the law of King Alfonso our progenitor, which provided that a personal action prescribed in 10 years. (Law 6, title 15, book 4, R., Law V, Title VIII, Book XI, *Novísima Recopilación*—that is to say, Law 63 of Toro.)

"Actions for the acknowledgment of natural children can be instituted only during the life of the presumed parents, except in the following cases:

"1. If the father or mother died during the minority of the child, in which case the latter may institute the action before the expiration of the first four years of its majority.

"2. If, after the death of the father or mother, some instrument, before unknown, should be discovered in which the child is expressly acknowledged.

"In this case the action must be instituted within the six months following the discovery of such instrument." (Art. 137 of the Spanish Civil Code of 1888, extended to Porto Rico in 1889.)

"Actions and rights arising before this Code became operative, and not exercised, shall continue to the extent and according to the terms recognized by prior legislation, shall be subject, with regard to the exercise, duration and procedure for enforcing them, to the provisions of this Code * * *." (Fourth transitory provision of said Code.)

"An action for filiation may be filed at any time within two years after the child shall become of age, and it shall be transmitted to his heirs, if he should die in his minority, or in a state of lunacy. In these cases the heirs shall have five years during which to commence an action." (Sec. 199 of the Revised Civil Code in force in Porto Rico since 1902.)

The fourth transitory provision of the Revised Civil Code is similar to the fourth transitory provision of the former Civil Code.

"Prescription, which began to run before the publication of this Code, shall be governed by the prior laws; but if, after this Code became operative, all the time required in the same for prescription has

elapsed, it shall be effectual, even if, according to said prior laws, a longer period of time may be required.'' (Sec. 1840 of the Revised Civil Code.)

The Chief Justice of this Supreme Court, in the case of *Gual* v. *Bonafoux,* (15 P. R. Rep., 550), in interpreting the fourth transitory provision of the former Civil Code, which is, as we have said, identical with the fourth transitory provision of the Revised Civil Code, in delivering the opinion of the court, expressed himself as follows:

''The right of the plaintiffs, Luis and Alfonso, to recognition as natural children, and, consequently, the action for a declaration of this right having arisen before the old Spanish Civil Code went into effect, both right and action must subsist with the extension and according to the terms recognized by the prior legislation, but neither have a longer 'duration' than that prescribed by the Code.

'' 'Extension and terms' carry with them ideas entirely distinct from that of duration; the first two words determining the scope and efficacy of a right of action, while the third word refers to the time during which they are to have life and effectiveness. There is no antimony or contradiction in the provisions of rule 4 transcribed above. Could any doubt arise as to their signification and meaning, it would be dispelled in the preliminary explanation given in the Spanish Civil Code when it says: 'But if it be equitable to respect the rights acquired under the prior legislation, although they have not been exercised, no consideration of justice demands that their subsequent exercise, their ''duration'' and the proceedings to enforce them, be exempted from the provisions of the Code.' ''

In the case of *Amsterdam* v. *Puente* (16 P. R. Rep., 527), decided June 17, 1910, Mr. Justice Wolf, in delivering the opinion of the court, said:

''We think it is a fair deduction from the provisions of the Civil Code, heretofore in existence, as well as the practice in jurisprudence in this regard that, without some authentic act which reveals the will of the father to give the child a status, the child has only a right of action to compel the father to confer such status. Section 135 of the Spanish Civil Code and section 189 of the Porto Rican Civil Code

provide for the cases when the father is compelled to acknowledge his illegitimate child.   He can be compelled by an action, and the necessity for such action can only be said to be dispensed with when there is some solemn act on the part of the father, which shows that this obligation has already been performed.   It is the plain inference from these sections that although a father may have done, as in the case before us, any number of acts to show that a particular person was his child, yet he cannot be said to have acknowledged him, according to the legal use of the word 'acknowledgment.'   If he may be compelled, then, before such compulsion, the *desideratum* has not been attained.   Until there is some solemn act or some declaration on the part of a court a child cannot be said to have acquired the civil status of an acknowledged natural child."   (*Armsterdam* v. *Puente* [16 P. R. Rep., 527] ; see alsco opinion of this court in the case of *Puente* v. *Puente* [16 P. R. Rep., 556], decided June 18, 1910.)

## The Supreme Court of the United States has held:

"This court has often decided that statutes of limitation affecting existing rights are not unconstitutional, if a reasonable time is given for the commencement of an action before the bar takes effect.   (*Hawkins* v. *Barney*, 5 Pet., 451; *Jackson* v. *Lanphire*, 3 id., 280; *Sohn* v. *Waterson*, 17 Wall., 596; *Christmas* v. *Russell*, 5 id., 290; *Sturges* v. *Crowningshield*, 4 Wheat., 122.)   It is difficult to say why, if the Legislature may prescribe a limitation when none existed before, it may not change one which has already been established."   (*Terry* v. *Anderson*, 95 U. S., 632.)

In this case, even admitting that at the time of the promulgation of the Revised Civil Code the plaintiff could have brought an action for filiation and that the terms fixed in section 199 were applied for her benefit, even then the action would have prescribed because the plaintiff permitted more than that time to elapse without attempting to enforce her right.

A legitimate child derives his status as such from the marriage of his parents.   In order that the marriage may be considered to have been effected, the intention of the man and woman to contract it is not sufficient, nor that they are liv-

ing together and have had children, but it is necessary that the act take place in one of the solemn forms authorized by the law and that an authentic and trustworthy record thereof be made.

A natural child derives his right from the acknowledgment and in order that the acknowledgment may be considered to have been made, it is necessary that it be made in a formal manner by the father with the firm intention of making such acknowledgment, and that the proper authentic and trustworthy record thereof appear. When the father performed acts tending to establish his paternity, which acts in themselves did not constitute a formal acknowledgment and of which no authentic and trustworthy record appears, in accordance with the Laws of Toro; when the cases mentioned in section 137 occurred, under the former Civil Code, and when the acts referred to in section 189 of the Revised Civil Code, then the action for filiation should and must be exercised, and the acknowledgment should and must appear in the former final judgment of a court of competent jurisdiction.

Parents who in the fulfilment of their duties wish to transmit to their natural children their surname and property, or the part thereof to which they may be entitled, must make the acknowledgment a matter of record in an authentic and trustworthy manner, for example, in the record of the birth, in a public document, in their will, in a declaration made in due form before an official or court, etc., in order that the natural acknowledged child may prove his status as such in the same manner as a legitimate child.

When the parents do not recognize natural children in the manner mentioned, then the children must bring an action for filiation and obtain a judicial declaration of their right.

If the parents and children were negligent, in such case they must suffer the consequences of their acts and blame themselves and not the law which regulated these questions, which are of such great social importance, in a uniform manner and for the good of all.

The appeal should be dismissed and the judgment appealed from, affirmed.

*Affirmed.*

Chief Justice Hernández and Justices MacLeary and Wolf concurred.

Mr. Justice Figueras did not take part in the decision of this case.