JESÚS *v*. SUCCESSION OF PÉREZ VILLAMIL.

APPEAL from the District Court of San Juan.

No. 779.—Decided May 22, 1912.

NATURAL CHILDREN—ACTION TO CLAIM FILIATION—PRESCRIPTION—LAW CONTROLLING TIME WITHIN WHICH ACTION MAY BE BROUGHT.—A presumed natural

daughter having been born on November 19, 1880, her putative father having died on April 16, 1911, and an action to claim filiation having been brought on August 30, 1911, the time for the bringing of said action should be governed by section 199 of the Revised Civil Code of 1902, in accordance with rule 4 of the temporary provisions of said code.

ID.—TIME WITHIN WHICH ACTION FOR ACKNOWLEDGMENT MAY BE EXERCISED—PRESCRIPTION.—An action for acknowledgment of filiation brought by an alleged natural daughter on August 30, 1911, she having been born on November 19, 1880, and attained her majority on November 19, 1901, had either expired or become extinguished by lapse of the time fixed by law.

ID.—TIME WITHIN WHICH ACTION TO CLAIM FILIATION MAY BE EXERCISED—WHEN PRESCRIPTION BEGINS TO RUN.—The period of two years within which the action to claim filiation must be brought does not begin to run until the minor has reached his majority, according to section 199 of the Revised Civil Code of 1902; and in the case of a person who has reached majority when the code went into effect, prescription begins to run from this date and not before. The limitation of the period for the exercise of the action for acknowledgment provided for in section 199 of the Revised Civil Code of 1902 affects equally minor children and those of age at the time the code went into effect, according to section 1840 of said code.

ID.—PRESCRIPTION—CONSTITUTIONALITY OF THE LAW.—The Supreme Court of the United States has held repeatedly that the statutes of limitation affecting existing rights are not unconstitutional if a reasonable time is granted for bringing the action before the limitation takes effect.

ID.—ACTION FOR ACKNOWLEDGMENT—ACT OF MARCH 9, 1911—WHEN ACTION EXTINGUISHED.—No retroactive effect having been given to Act No. 73 of March 9, 1911, it cannot have any application to an action to claim filiation which has already expired under section 199 of the Revised Civil Code for that act cannot revive an action which had already become extinguished.

ID.—PRESCRIPTION OF ACTION FOR ACKNOWLEDGMENT—SECTION 41 OF CODE OF CIVIL PROCEDURE.—Neither is section 41 of the Code of Civil Procedure applicable to an action to claim filiation which had already expired when it was brought.

The facts are stated in the opinion.

*Mr. José G. Torres* for appellant.

*Messrs. Bosch and Soto* for respondent.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

The question to be decided in the case at bar is whether the action brought by Isabel de Jesús to obtain her filiation with reference to the deceased, Ramón Pérez Villamil, with the benefits accruing thereunder, has prescribed, as it was affirmatively held by the District Court of San Juan in sustaining the demurrer pleaded to the complaint on the ground

that the same did not allege facts sufficient to constitute a cause of action because the action had already prescribed, and further, dismissing the complaint by judgment of October 12, 1911, from which the plaintiff took this appeal.

The complaint, which bears date of August 30, 1911, besides the facts tending to show the existence of an acknowledgment made by the ancestor of the defendant estate in favor of the plaintiff, alleges that Isabel de Jesús was born on November 19, 1880, and that Ramón Pérez Villamil died on April 16, 1911.

It is evident, therefore, that Isabel de Jesús was born when Law 11 of Toro was in force, which law defines those persons who should be deemed to be natural children. Thereafter, by Royal Decree of July 31, 1889, the civil code then in force in Spain was extended to the provinces beyond the seas, and section 137 thereof prescribes that actions for the acknowledgment of natural children can only be brought during the life of the presumed parents, saving the two exceptions therein stated and which have no relation to this case.

Section 137 of the Spanish Civil Code was amended by section 199 of the Revised Civil Code of 1902, and the same prescribes that the action for filiation does not expire until two years after the reaching of age of the children; and, subsequently, by law approved March 9, 1911, the provisions of section 137 of the Spanish Civil Code were enacted with the amendment that the action for acknowledgment of natural children could be brought during the life of the presumed parents and within a year after their death.

Now, then, the question is what legal provision should control the time within which the action for acknowledgment brought by Isabel de Jesús could be exercised.

Inasmuch as Isabel de Jesús had not instituted her action for acknowledgment at the time the Revised Civil Code of 1902 went into effect, it is unquestionable that the time for the exercise of said action should be ruled by section 199 of that code in accordance with rule 4 of the Transitory Pro-

visions for the application of said code which in its pertinent part reads as follows:

"Actions and rights born and not exercised before the Revised Code goes into operation shall continue with the duration and in the terms and the extent to which the preceding legislation may have recognized them, but are subject, with reference to their exercise, duration, and proceedings to enforce them, to the provisions of the Revised Code."

Now, then, the plaintiff having been born on November 19, 1880, became of age on the same day and month of 1901, when she reached the age of 21 years, which is the majority age fixed by section 317 of said code, and she did not bring this action of filiation until August 30, 1911, which is the date borne by the complaint. Her action had already expired and has been terminated by the lapse of time fixed by law.

Appellant contends with insistence, both orally and in her brief, that section 199 of the Revised Civil Code could only limit the time for bringing an action of filiation by minors, but not by parties of age, as the latter cannot be controlled by said provisions because the period of time for them had already run out in full or in part, and appellant concludes therefrom that her action should be governed by the laws in force prior to the Revised Civil Code, to wit, the Spanish Civil Code and the Law of Toro.

We believe that in accordance with section 199 of the Revised Civil Code the period of two years within which the action of filiation must be brought does not begin to run until the minor reaches his majority; and in the case of a person who has reached his majority when the code went into effect, then from this date and not before the period within which the action of acknowledgment must be brought will be computed.

We cannot assent to the contention of the appellant that the limitation of the period for the exercise of the action of acknowledgment, as fixed by section 199, affects exclusively

the minor children and not those of age.   It affects all of them equally.

And this construction is not an arbitrary one.   It is supported by section 1840 of said code, which provides that pre'scription, which begins to run before it goes into effect, will be governed by the laws in force prior to that time; but if since the code has gone into effect the period of prescription fixed in said code has run out, then this prescription shall control although a longer period may have been required by previous laws.

Conformably to the Spanish Civil Code, Isabel de Jesús could have brought her action for acknowledgment during the life of her father.   That period was limited to two years by the Revised Civil Code and began to run from the time she attained her majority.   Notwithstanding the fact that she was capable of bringing this action from the time the said code went into effect, she has failed to do it, and brought it when the period fixed by law had already expired.

She was neither active nor diligent in the exercise of her rights, and she herself is to blame for the loss of that right and cannot blame the law that respects that right and only fixed the time within which the same should be exercised.

The Supreme Court of the United States has repeatedly held that the statutes of limitation affecting existing rights are not unconstitutional if a reasonable time is granted to bring the action before the bar takes effect.   *Hawkins* v. *Barney,* 5 Pet., 451; *Jackson* v. *Lamphire,* 3 id., 280; *Sohn* v. *Waterson,* 17 Wall., 596; *Christmas* v. *Russell,* 5 id., 290; *Sturges* v. *Crowninshield,* 4 Wheat., 122.

Isabel de Jesús vainly invokes in her favor Act No. 73, approved March 9, 1911, by the provisions of which actions for acknowledgment of natural children can be brought during the life of the parents as well as within one year after their death.

That law is not applicable to the case at bar, because when the same went into effect the present action of filiation had

already expired in accordance with section 199 of the Revised Civil Code, and the former law cannot revive a right that is already dead.

It is a principle sustained by section 3 of the Revised Civil Code that laws shall not have a retroactive effect unless the contrary is expressly provided therein, and in no case shall a retroactive effect of the law prejudice rights acquired under the protection of prior legislation. From this principle it may be inferred that no retroactive effect having been given to the law of March 9, 1911, by its own provisions it cannot have that effect, and that in no case could that retroactive effect affect the vested rights accrued to Ramón Pérez Villamil and his estate under section 199 of the Revised Civil Code.

The provisions of section 41 of the Code of Civil Procedure to the effect that if a person against whom an action may be brought should die before the expiration of the time required by law to commence the same, the action may be brought against his legal representative after the expiration of said period and within one year of the date of the appointment of the executor or testamentary administrator, have no application to the case at bar, because by its very terms it may be seen that said provisions refer to the bringing of an action that has not expired, and the action of the plaintiff had already expired.

For these reasons the appeal cannot be sustained and the judgment rendered by the District Court of San Juan on October 13 of last year should be affirmed.

*Affirmed.*

Justices MacLeary, Wolf, del Toro and Aldrey concurred.