## MILLIKEN et al. v. STONE, U. S. Atty. Gen., et al.

(District Court, S. D. New York. July 13, 1925.)

**I. Injunction ⊂⇒118(4)—Bill to enjoin steamship companies and others from transporting liquors as permitted by treaty states no cause for equitable relief.**

Bill by owner of vessels of American registry to enjoin steamship companies from transporting liquors prohibited by Eighteenth Amendment and National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.) within American waters, as permitted by treaty with Great Britain, art. 3, and to enjoin government officers from giving credence and recognition to treaty, and from neglecting to enforce such amendment and Prohibition Act, *held* to state no cause for equitable relief.

**2. Constitutional law ⊂⇒46(I)—Constitutional question not determined where not necessary.**

Where bill for injunction alleging unconstitutionality of treaty, because violative of Eighteenth Amendment and National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.) states no ground for equitable relief, the court will not determine constitutionality of treaty, though all parties desire such ruling.

**3. Injunction ⊂⇒85(I)—Court cannot by decree in effect nullify treaty by enjoining possession of sealed liquor on foreign ship as permitted under treaty.**

Court of equity cannot, by injunction, in effect nullify treaty with foreign power, permitting its vessels to transport sealed liquor in American waters, regardless of Eighteenth Amendment and National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.),

nor require government officers to enforce criminal and abatement provisions of National Prohibition Act against such shipowners.

**4. Injunction ⬥85(2)—Court of equity may in proper case enjoin prosecuting authorities from. enforcing unconstitutional penal enactment.**

Court of equity may, in proper case, enjoin prosecuting authorities from enforcing unconstitutional penal enactment, either state or federal.

**5. Injunction ⬥102—In proper case, injunction will not be denied merely because threatened act is crime as well as civil wrong.**

Injunctive relief in proper case will not be denied merely because threatened act is crime, as well as civil wrong, be it tort or breach of contract.

**6. Constitutional law ⬥72 — Federal courts cannot compel prosecuting officers to enforce penal laws.**

Federal courts cannot compel prosecuting officers to enforce penal laws, whatever grounds of their failure may be.

In Equity. Suit by John F. Milliken and others against Harlan F. Stone, Attorney General of the United States, and others, for an injunction. Bill dismissed for want of equity.

Silas B. Axtell, of New York City (Charles A. Ellis, of New York City, of counsel), for complainants.

Lord, Day & Lord, of New York City (Lucius H. Beers and Allen Evarts Foster, both of New York City, of counsel), for some defendants.

William Hayward, U. S. Atty., of New York City, for other defendants.

MACK, Circuit Judge. The bill of complaint is brought by a shipowner of vessels of American registry, an American master, and an association of American masters, against the United States Attorney General, the United States District Attorney, the United States Commissioner of Internal Revenue, the United States Collector of Internal Revenue, the Cunard Steamship Company, Limited, and a number of masters of vessels of this company. In substance it charges that the treaty with Great Britain, ratified May 22, 1924 (43 Stat. 1761, art. 3), or at least so much thereof as provides that no penalty or forfeiture shall attach to alcoholic liquors or to vessels by reason of the carriage of such liquors, when such liquors are listed as sea stores, on board British vessels voyaging to or from ports of the United States or passing through the territorial waters thereof, provided such liquors be kept under seal continu-ously while within the territorial waters, is invalid as contrary both to the Eighteenth Amendment of the Constitution and to the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.); that the defendant steamship company and the defendants masters of its vessels are violating the prohibition law and creating a nuisance, both statutory and common law, in having intoxicating liquors on board the vessel and within the territorial waters of the United States; that the defendant government officials, despite the unconstitutionality of the treaty, give it full credence in connection with the enforcement of the Eighteenth Amendment and the National Prohibition Act, neglect and refuse to enforce the amendment and the act, and intend to continue so to do, despite the alleged nuisance thereby created and the misdemeanor thereby committed by the defendant steamship company and its masters.

The wrong to plaintiffs is charged to be that, by reason of the recognition of the alleged unconstitutional treaty and the consequent failure to enforce the prohibition constitutional amendment and the act passed pursuant thereto, American registered vessels are discriminated against in favor of British vessels; that the privileges thus accorded induce passengers to favor the British vessels; that the consequent loss to American shipping is damaging the plaintiff shipowner as a shipowner and the plaintiff master and the members of plaintiff association, by diminishing their prospects of earning a livelihood.

The relief prayed for is that the treaty be declared to violate the Constitution; that the defendants steamship company and masters be enjoined, "by reason of the apparent force of said treaty," from transporting liquors prohibited by the Constitution and Prohibition Act; that the defendants the government officials be enjoined, "by reason of the apparent force of said treaty, from giving credence and recognition to the same in connection with the enforcement of the Eighteenth Amendment and the National Prohibition Act, and further or longer failing, refusing and/or neglecting to enforce the said amendment and act" against their codefendants, and that defendant district attorney be further enjoined from "failing, refusing, or neglecting to institute suits under said act, to abate and/or enjoin liquor nuisances, and to prosecute as offenders under said act" the defendants the steamship company and masters.

[1-3] While, on the motion to dismiss for want of equity, both counsel desire a ruling on the constitutionality of the treaty, I find it unnecessary and therefore improper to consider that question in view of my opinion that, even if the treaty were unconstitutional, as to which I intimate no opinion, the bill states no case for equitable relief. The injury sought to be redressed is not charged to result from any act of any defendant. While the defendant steamship company and masters are alleged to be violating the law and creating a nuisance, no facts are stated which would suffice to enable these plaintiffs to complain of them in equity on that account. The prosecuting officers are not even charged with any wrongful activity. As against them, the complaint is merely their passive recognition of the constitutionality of the treaty and consequent inactivity in the enforcement of the constitutional and statutory prohibitions.

To remedy the alleged wrong to plaintiffs, they ask a judicial nullification of the treaty in order that the basis of this inactivity may be removed, an injunction against the continuance of the nuisance and crimes by the company and its masters, and against the continuance of the failure by the defendants, the prosecuting officers, to enforce the amendment and the Prohibition Act against their codefendants and to prosecute them as offenders under the act. In substance, the court is asked, under the guise of an injunction, to restrain the enforcement of the treaty, in fact and in effect to mandamus officers to enforce the criminal and the abatement provisions of the National Prohibition Act.

[4, 5] It is of course elementary now that a court of equity may in a proper case enjoin the prosecuting authorities from enforcing an unconstitutional penal enactment, state or federal; further, that injunctive relief in a proper case will not be denied merely because the threatened act is a crime as well as a civil wrong, be it a tort or a breach of contract. And, as Missouri v. Holland, 252 U. S. 416, 40 S. Ct. 382, 64 L. Ed. 641, 11 A. L. R. 984 (involving the Migratory Bird Treaty), Pierce, Governor, v. Society of Sisters, 45 S. Ct. 571, 69 L. Ed. ——, U. S. Supreme Court, June 1, 1925 (involving the Oregon Compulsory Education Act), Truax v. Raich, 239 U. S. 33, 36 S. Ct. 7, 60 L. Ed. 131, L. R. A. 1916D, 545, Ann. Cas. 1917B, 283 (involving the Arizona Anti-Alien Employment Act), hold, the threatened enforcement may be, not only against plaintiff, but against third persons, if they are so connected with the plaintiff that the enforcement would operate directly to plaintiff's injury.

[6] If the treaty making authorities have violated the Constitution, the courts cannot directly decree the nullity or nullification of the treaty, even though they may disregard it as unconstitutional in a case otherwise properly within their jurisdiction. Furthermore, the federal courts are without power to compel the prosecuting officers to enforce the penal laws, whatever the grounds of their failure may be. The remedy for inactivity of that kind is with the executive and ultimately with the people.

Without therefore considering the questions either of the constitutionality of the treaty or of the sufficiency of the allegations as to plaintiffs' injury, I must sustain the motion to dismiss the bill for want of equity.