PAUL A. McGRANE, FOR WRIT OF HABEAS CORPUS.

NOVEMBER 6, 1925.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

*(1)  Nolle Prosequi.  Record.*

In this State the power of and responsibility for the entry of a *nolle prosequi,*
is by the constitution (Art. VII, sec. 12), exclusively in the attorney gen-
eral and his assistants.  The form of such an entry is not prescribed by
law, and it is sufficient if the entry is made on the indictment and signed
by the attorney general or if it is made by the clerk in open court by direction
of the attorney general.

*(2)  Criminal Law.  Nolle Prosequi.  Divisible Counts.*

Under an indictment for an assault with a dangerous weapon defendant
might have been found guilty of the lesser offence of assault or assault and
battery and where the attorney general *"nol prossed"* as to the assault with
a dangerous weapon, a divisible portion of the indictment before trial was
eliminated to the advantage of the defendant, who having pleaded to the
lesser charge was legally sentenced thereon.

PETITION for writ of *habeas corpus.*    Petition denied.

STEARNS, J.    Petition for a writ of *habeas corpus* directed
to the keeper of the Providence County Jail.

The petitioner, McGrane, was indicted for an assault with
a dangerous weapon.    He alleges that he appeared before
the Superior Court to answer to the indictment; that the
assistant attorney general in open court entered a *nolle
prosequi* of the indictment, and thereby said indictment was
annulled; that petitioner was required to answer to a charge
of assault and battery to which charge he pleaded *nolo
contendere* and was then sentenced by the court to be im-
prisoned and to pay a fine; that petitioner has been com-
mitted to jail and that his imprisonment is illegal as there
was no indictment upon which sentence could be based.

The indictment, which is in the usual form, charges that
McGrane did commit an assault upon Clarence F. Pine with
a dangerous weapon, to wit, a bottle, and him the said
Clarence F. Pine then and there did cut, wound and ill treat.
The jacket entry of record on the indictment is as follows:
"1925 Oct. 23. Hahn J. Nol pros'd as to assault with a

dangerous weapon. deft arraigned pleads nolo contendere to simple assault and sentenced to pay a fine of 300.00 and costs and to Prov. County Jail for 2 months and committed''. This record, although condensed, is sufficient to disprove the allegation of the petition that the entire indictment was *nol prossed.* Assault with a dangerous weapon is merely an aggravated assault, the penalty for which by statute is made more severe than for a simple assault. The offence includes an assault with the additional element of the use of a dangerous weapon. A *nolle prosequi* has been defined (16 C. J. s. 778) as a formal entry upon the record by the prosecuting officer, by which he declares that he will not prosecute the case further, either as to some of the counts of the indictment, or as to part of a divisible count, or as to some of the defendants, or altogether. In this State the power of and responsibility for the entry of a *nolle prosequi* is by the constitution (Art. VII. s. 12) exclusively in the attorney general and his assistants (G. L., C. 22, s. 5). See *Rogers* v. *Hill,* 22 R. I. 496. The form of such an entry is not prescribed by law. It is sufficient, if the entry is made on the indictment and signed by the attorney general or, as in the present case, if the entry is made by the clerk in open court by direction of the attorney general. The record is necessary to protect the accused wholly or partially from further prosecution on the same indictment or complaint.

In the case at bar, it is evident from the record that there was no misunderstanding of the action of the attorney general. Upon a trial, the defendant might have been found guilty of the lesser offences of assault or assault and battery (G. L. 1923, C. 407, s. 11). A divisible portion of the indictment before trial was eliminated by the attorney general to the advantage of the defendant who thereupon pleaded to the lesser charge and was legally sentenced thereon.

The petition for writ of *habeas corpus* is denied.

*John J. Cosgrove,* for petitioner.

*Oscar L. Heltzen, Asst. Attorney General,* for State.