**UNITED STATES v. BROKAW et al.**

No. 2730.

District Court, S. D. Illinois, N. D.

March 23, 1945.

Howard L. Doyle, U. S. Atty., and Marks Alexander, Asst. U. S. Atty., both of Springfield, Ill., for the Government.

James C. Leaton, of Chicago, Ill., and Clarence W. Heyl, of Peoria, Ill., for petitioner George P. McNear, Jr.

ADAIR, District Judge.

This cause arises upon a motion filed by George P. McNear, Jr., for leave to file petition as amicus curiæ asking the court to enter an order directing the United States Attorney to show cause why the order of nolle prosequi should not be vacated and cause reinstated and cause set for trial.

The facts are as follows: An indictment was returned by the Federal Grand Jury for the Northern Division of the Southern District of Illinois charging Paul Brokaw, Harold Dilley and Delmar G. Newdigate with violations of 50 U.S.C.A. §§ 121, 126, 140 and 18 U.S.C.A. §§ 88, 412a, which said indictment is now pending against defendants Brokaw, Dilley and Newdigate. The defendants Brokaw and Dilley have plead not guilty and the defendant Newdigate entered a plea of guilty; that defendant Newdigate is now a member of the armed forces of the United States, and was prior to said plea, and no sentence has been imposed on said defendant; that on the 14th day of December, 1944, the United States District Attorney, Howard L. Doyle, moved the court for leave to enter a nolle prosequi against all of said defendants at which time the United States District Attorney stated to the court that he had made a thorough and careful investigation of all the facts, and did not believe there was sufficient evidence to convict the defendants under their pleas of not guilty, and that the defendant who had entered a plea of guilty was no more guilty than the remaining defendants; that he had carefully discussed and corresponded with the Attorney General of the United States, and thereupon stated he had full authority from the Attorney General to dismiss the defendants under such indictment. Whereupon, the court entered an order upon said motion to dismiss granting and allowing the said nolle prosequi to be entered.

That the United States District Attorney in his capacity as the public prosecutor in his district is clothed with the power and charged with the duties of the Attorney General in England under the common law is generally recognized and supported by the Federal courts. United States v. Thompson, 251 U.S. 407, 40 S.Ct. 289, 64 L.Ed. 333; In re Confiscation Cases, 1868, 7 Wall. 454, 457, 19 L.Ed. 196; Millikin v. Stone, D.C.S.D.N.Y.1925, 7 F.2d 397; United States v. Stowell, C.C.Mass. 1854, Fed.Cas. No. 16,409; 2 Lord Campbell's, The Lives of the Chief Justices of England, 173. In this connection the federal prosecutor acts in an administrative capacity. He is the representative of the public in whom is lodged a discretion to be exercised for the general public welfare, a discretion which is not to be controlled by the courts, or by an interested individual, or by a group of interested individuals who seek redress for wrongs committed against them by use of the criminal process. In United States v. Thompson, supra, the Supreme Court held that the Federal courts have no power to control the initiation of criminal proceedings, that being the prerogative and duty of the United States District Attorney. The control of criminal litigation during many stages of a prosecution is a prerogative and power closely akin to the power of initiating a prosecution. With reference to such control the United States District Attorney again derives his power and duty from the common law, and at different stages of a prosecution he exercises that control administratively and may not be required to submit his authority in this respect to the control of a judicial discretion or to the desires of interested individuals or groups of individuals. The practical exercise of this control of criminal proceedings after their initiation lies in the use of the order of nolle prosequi.

The nature of an order of nolle prosequi remains the same at whatever the stage of the criminal proceedings may be at the time of its entry. Whenever it is properly entered, with due regard to such limitations as may surround its entry, it remains the act of the prosecuting officer terminating the criminal proceeding. The literal meaning of the term itself shows this beyond question. Nolle prosequi means: "I am unwilling to prosecute". So far is this true that the court, unless authorized by special statute, has no power to enter

such an order or to direct the prosecuting officer to enter such an order. Commonwealth v. Shields, 89 Pa.Super. 266; State v. Charles, 183 S.C. 188, 190 S.E. 466, 468; In re Confiscation Cases, 1868, 7 Wall. 454, 457, 19 L.Ed. 196; United States v. Stowell, C.C.Mass. 1854, Fed.Cas. No. 16,409. This is particularly true with reference to the Federal courts, and also to all of those states in which the prosecuting authorities of the state have been clothed by the Constitution of the state, or by statute, with the powers of the Attorney General at the common law. In Orabona v. Linscott, 49 R.I. 443, 144 A. 52, 53, the Supreme Court of Rhode Island, in discussing the legality of an agreement between the Attorney General of the state and a defendant for the deferment of sentence, said: "Under the Constitution and by long-established practice great power and responsibility for the enforcement of the criminal laws are lodged in the Attorney General. He has control of his docket for the trial of criminal cases. * * * the Attorney General may enter a nolle prosequi without the advice or permission of the court." Again, in Commonwealth v. Wheeler, 2 Mass. 172, 173, the court said: "The practice of entering a nolle prosequi to informations is very ancient; but to indictments it began in the latter end of the reign of Charles 2. * * * I observe in the bar, the nolle prosequi is alleged to have been entered by the advice of the Court of Common Pleas. Certainly, the courts are not legally competent to give any advice on this subject. The power of entering a nolle prosequi is to be exercised in the discretion of the attorney who prosecutes for the government, and for its exercise he alone is responsible."

Wherever the nolle prosequi is used it is recognized as the act of the prosecutor and not that of the court. This is true even where limitations have been placed by statute or otherwise on the power and authority of the prosecutor. 11 Stat. 51; Levy Court v. Ringgold, 5 Pet. 451, 454, 8 L.Ed. 188; United States v. Corrie, Fed.Cas. No. 14,869, 23 Law Rep. 145; United States v. Stowell, Fed.Cas. No. 16,409, 2 Curt. 153; United States v. McAvoy, Fed.Cas. No. 15,-654, 4 Blatch. 418; The Peterhoff, Fed.Cas. No. 11,024, Blatch. Prize Cas. 463; and The Anna, Fed.Cas. No. 402, Batch. Prize Cas. 337.

At the common law, so much was the entry of the order of nolle prosequi the act of the prosecutor that the accepted practice was for the prosecutor to write on the indictment above his signature the words "nolle pros.", or to state in open court for entry by the clerk that "he entered a nolle pros." Ex parte McGrane, 1925, 47 R.I. 106, 130 A. 804.

The rule at the common law seems to have been, and in the present-day common law courts to remain, that prior to trial the prosecutor has the absolute uncontrolled power to enter a nolle prosequi; that after the empaneling of the jury until the return of a verdict the power is subject to the control of the court since it may not be used at that time to the prejudice of the defendant; and that following the return of the verdict the uncontrolled power of the prosecutor to enter a nolle revives and continues until such time as judgment is entered and sentence imposed. Commonwealth v. Tuck, 20 Pick. 356; State v. Valent, 3 W.W.Harr. 399, 138 A. 640; State v. Smith, 49 N.H. 155, 6 Am.Rep. 480; Anonymous, 31 Me. 590, 592; State v. Whittier, 21 Me. 341, 38 Am.Dec. 272; Baker v. State, 12 Ohio St. 214, 215; Commonwealth v. Gillespie, 7 Serg. & R., Pa., 469, 10 Am.Dec. 475; State v. Smith, 67 Me. 328; Regina v. Leatham, 8 Cox Cr. Cas. 498; Rex v. Moss et al., 1 Russell & Ryan 620; Orabona v. Linscott, 49 R.I. 443, 144 A. 52; Rogers v. Hill, 22 R.I. 496, 48 A. 670; Ex parte McGrane, 47 R.I. 106, 130 A. 804; Commonwealth v. McMonagle, 1 Mass. 517; Commonwealth v. Briggs, 7 Pick. 177; Commonwealth v. Jenks, 1 Gray 490; Jennings v. Commonwealth, 105 Mass. 586; Commonwealth v. Scott, 121 Mass. 33; State v. Pillsbury, 47 Me. 449; State ex rel. Bier v. Klock, 48 La.Ann. 140, 18 So. 942.

The foregoing array of authorities and the lack of holdings to the contrary seem to establish the doctrine as presented by the recognized texts, including Corpus Juris Secundum, beyond question.

This court therefore concludes that the power, rights and authority of the United States District Attorney arises under the common law, and that no legislative or judicial acts have limited such powers, and therefore the District Attorney in this proceeding was not required to move for an order to nolle the prosecution against any of the defendants, but that said motion was based upon a practice long existing in this court, concurred in by the Attorney

General of the United States, that when such a motion was made before the court the only power to deny said motion would be based upon the failure of the District Attorney to exercise discretion. In other words, was he guilty of corruption or malfeasance in office? If so, such motion would be denied because the District Attorney had not exercised his own discretion. This court is powerless to exercise his discretion but must determine the issues solely upon the discretion of the District Attorney, regardless of whether or not he may believe such discretion proper. There is no charge set forth in the petition filed herein to set aside such order because of any corruption or malfeasance in office. It appears that the petitioner does not agree with the action of the United States District Attorney. He believes that the entering of such nolle prosequi was unjustified and that the defendants should be brought to trial. He disagrees on the statement of the District Attorney that evidence was not sufficient and disagrees on the grounds of public policy in the trial of such cause. This court might well disagree and would still be powerless to act in refusing the District Attorney's motion. The prosecution or the dismissal of all criminal actions rests in the honest discretion of the United States District Attorney. If he from a corrupt motive prosecutes or refuses to prosecute, he is subject to removal from office and criminal prosecution, and that is the only remedy given to this court. There is no such charge in the petition filed herein, and unless such facts do exist the granting of the right of petitioner to intervene would serve no good purpose. The District Attorney could then in his own right nolle before the clerk and would only result in a precedent inviting any person dissatisfied with the action of the District Attorney in any future case to file a similar motion requesting this court to exercise its discretion over that of the United States District Attorney.

The entry of the order allowing the motion to nolle the indictment in the above-entitled cause can scarcely be labeled a judicial act, at most it was a ministerial act prompted by the custom of making such motions in the district court. No law requires such motions to be made or the court to allow or disallow the same, and such order has no more effect than the entry of a nolle by the District Attorney before the clerk without any action by the court, and if the District Attorney had so nolled by what authority could this court require the District Attorney to proceed with the prosecution.

For the above reasons, the motion to intervene is hereby denied.