JAMES ORABONA *vs.* CHARLES E. LINSCOTT, Warden.

SAME *vs.* SUPERIOR COURT.

DECEMBER 31, 1928.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

STEARNS, J. These two petitions, No. 479 for a writ of habeas corpus, and No. 480 for a writ of certiorari, present the same question and are based on the same agreed statement of facts.

Petitioner seeks release from an alleged illegal sentence. June 12, 1923, he was sentenced to the State Prison for assault with a dangerous weapon. The same day he pleaded nolo contendere to indictment No. 11679 for assault with intent to murder. The attorney general and petitioner signed an agreement, as follows: "It is hereby agreed that sentence may be deferred on the above entitled indictment upon payment of all costs, during the good behavior of the defendant, and so long as the attorney general is satisfied that the defendant has broken none of the criminal laws of this State, since the date of this agreement." The jacket entry on the indictment is: "Sentence deferred and bail reduced to $1,000 and defendant gives personal recognizance in the sum of $1,000." June 28, 1927, petitioner was arrested and charged with an assault to murder one Messere and one McCormick. Immediately after his arraignment petitioner was brought in on a capias to the Superior Court where the attorney general moved for sentence on the old indictment No. 11679. The justice continued the motion for the purpose of satisfying himself of petitioner's misconduct, before imposing sentence. Thereafter two indictments were found against petitioner, on one of which charging the assault on McCormick defendant was after trial found not guilty by a jury; the other indictment has not been tried. On November 9, 1927, after hearing counsel and considering the facts, the justice sentenced petitioner to the State Prison on indictment No. 11679. Petitioner claims this sentence is illegal for the following reasons: I. The attorney general had no power to make an agreement to defer sentence. II. The court had no power to enter into or sanction such an agreement.

Article VII, "Of the Executive Power", Section 12 of the Constitution, provides that the duties and powers of the

attorney general shall be the same as are now established, or as from time to time may be prescribed by law. Under the constitution and by long established practice great power and responsibility for the enforcement of the criminal laws are lodged in the attorney general He has control of his docket for the trial of criminal cases and after they are set down, and due notice has been given, he may try them in such order as he sees fit. *State* v. *Silvius*, 22 R. I. 322. His control of the prosecution, of course, is regulated by the constitutional provision (Art. I, Sec. 10) that the accused shall have a right to a speedy and public trial, and by Gen. Laws 1923, C. 407, § 57, that every person indicted for murder and certain other felonies and imprisoned under the indictment shall be tried or bailed within six months after he shall plead to such indictment, if he demand a trial, unless such delay is unavoidable. Before the trial begins, and after the trial concludes before sentence is imposed, the attorney general may enter a *nolle prosequi* without the advice or permission of the court. *Rogers* v. *Hill*, 22 R. I. 496; *McGrane, Petr.*, 47 R. I. 106. General Laws, C. 323, § 18, provides that after a plea of guilty or nolo a defendant may be sentenced by the court. A plea of nolo may be entered by the defendant only by permission of the court. *State* v. *Conway*, 20 R. I. 270; *Rogers* v. *Hill, supra*. The common practice in the Superior Court is to impose sentence after motion is made therefor by the attorney general for the reason presumably that he is the executive office primarily responsible for the execution of the law and that the function of the court is in the main to determine the sentence or to make such other disposition of the cause as is proper.

It thus appears that unless a defendant demands a trial, it rests with the attorney general to decide when, if ever, an indictment shall be set down for trial. In the case at bar after the plea of nolo the court was not required to impose sentence at once as the statute is permissive not mandatory. A defendant, if he insists, has a right to have

a criminal proceeding concluded and to have sentence imposed within a reasonable time after conviction or plea. Delay in the imposition of sentence, however, is generally of advantage to a defendant and if he voluntarily agrees to any such delay he can not thereafter be heard to complain thereof. Agreements of this kind for many years past have been made by the attorney generals in this State and have been found to be beneficial to the public and to defendants. The validity of such agreements has recently been expressly recognized by the legislature by the enactment of Chapter 1063, Pub. Laws, Jan. 1927, whereby a limitation of time has now been set, after which sentence may not be imposed upon a defendant who has entered into such an agreement. We think the attorney general had the right and the authority to make such an agreement.

The effect of the agreement was not to suspend the operation of a sentence, but to defer, with defendant's consent, the imposition of any sentence. As has been stated, the court was not required to pronounce sentence immediately after the plea and in the exercise of its discretion was authorized to accept a plea of nolo and sanction the agreement.

The sentence complained of was legal. Both petitions are denied and dismissed.

*Pettine, Godfrey & Cambio*, for petitioner.
*Oscar L. Heltzen, Asst. Attorney General*, for respondents.