STATE *vs.* DANIEL FAY *et al.*

JULY 22, 1940.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

BAKER, J. This is a petition for a writ of *certiorari* filed by the defendants in the above entitled case. The writ was issued, and the record in question of the superior court was duly certified to this court.

From the petition it appears that the petitioners, six in number, were on February 9, 1940 found guilty by a petit jury of a criminal offense against the laws of this state, after a trial in the superior court upon an indictment returned

to that court by the grand jury for the counties of Providence and Bristol. The petitioners were all named in one indictment and were tried together. On March 9, 1940 their motions for a new trial were denied by the trial justice. The attorney general forthwith moved in the superior court, under the provisions of general laws 1938, chapter 625, § 72, that the petitioners be sentenced by that court, and the trial justice thereupon ordered the petitioners to appear before him on March 16, 1940 for sentence. However, on said March 9, by a written motion which raised on the record a constitutional question, the petitioners requested said court to certify to this court the question whether such sentence could legally be pronounced upon them pending their prosecution of a bill of exceptions. As the ground for such motion it was alleged that § 72, *supra,* was unconstitutional and invalid in that it was in violation of §§ 8, 10 and 14 of article I of the constitution of this state.

The request for certification was made by the petitioners under the provisions of G. L. 1938, chap. 545, § 2, which reads as follows: "Whenever the constitutionality of any act of the general assembly shall be brought in question in the trial of a criminal cause in any court, the decision of the question shall be reserved, and the trial of the case in other respects shall proceed as if the statute were constitutional; and if the defendant shall be found guilty, sentence shall be stayed, and the constitutional question raised, together with a record of the case, and a transcript of the testimony, or so much thereof as pertains to the constitutional question, shall be certified and transmitted forthwith to the supreme court for decision."

On March 11, 1940, the trial justice denied the petitioners' motion that the said constitutional question be certified to this court. On that same day the petitioners at once moved that the same constitutional question be certified to this court under the provisions of G. L. 1938, chap. 545,

§ 1. This motion was forthwith denied by the trial justice on the ground that said § 1, *supra,* had been repealed by § 1 of an act of the general assembly entitled: "An Act Repealing Section 1 and Amending Section 6 of Chapter 545 of the General Laws of 1938 Entitled 'Certification of Cases to the Supreme Court' ", which act had been approved January 26, 1940. The petitioners immediately moved that the question of the constitutionality of said last-mentioned act be also certified to this court, alleging that such act was in violation of § § 8, 10, 12 and 14 of art. I of the constitution of this state. This motion was likewise denied by the trial justice. Proceedings were then taken promptly in this court by the petitioners. They have not been sentenced as yet by the superior court.

The petitioners allege in their petition that the decisions of the trial justice in connection with the matter of certification were in excess of his jurisdiction, and they pray that this court issue a writ of *certiorari* to the end that such decisions may be reversed; that the constitutionality of the acts in question may be determined by this court; and that the petitioners may have such other and further relief in the premises as this court may deem appropriate.

In view of the unusual situation presented by the allegations of the petition and after consideration, we ordered the writ to issue, in the exercise of our discretion and under the broad powers vested in this court by the state constitution. by § 1, art. XII of the amendments thereto, which is as follows: "The supreme court shall have final revisory and appellate jurisdiction upon all questions of law and equity. It shall have power to issue prerogative writs, and shall also have such other jurisdiction as may, from time to time, be prescribed by law . . . ." This jurisdiction has been exercised by this court in many reported cases as occasion required. See *Hyde* v. *The Superior Court,* 28 R. I. 204; *State* v. *Coleman,* 58 R. I. 6; *State* v. *Sisson,* 58 R. I. 200.

Further, it is expressly provided in G. L. 1938, chap. 495, § 2, that: "The supreme court shall have general supervision of all courts of inferior jurisdiction to correct and prevent errors and abuses therein when no other remedy is expressly provided; it may issue writs of habeas corpus, of error, *certiorari*, mandamus, prohibition, quo warranto and all other extraordinary and prerogative writs and processes necessary for the furtherance of justice and the due administration of the law . . . ."

In view of these provisions, and in the furtherance of justice and the due administration of the law, we issued the writ in the instant cause for the purpose of determining only the fundamental and important constitutional question raised on the record by the petitioners, namely, whether or not § 72, *supra*, was invalid as being contrary to the provisions of the state constitution.

That section is as follows: "In any criminal case tried in the superior court in which a verdict of guilty is rendered the attorney-general may, at any time after the motion for a new trial, if made, is denied, move for sentence, and the court shall forthwith proceed to sentence such person, but nothing herein shall be deemed to deprive such person from prosecuting a bill of exceptions in accordance with the statutes in such case made and provided, and any person so sentenced may be released upon bail after this filing of written notice of his intention to prosecute a bill of exceptions and upon giving a recognizance with sufficient surety or sureties before said court, in such sum as said court shall deem reasonable, to appear before said court to abide the final order or orders of said court or the supreme court, and the giving of such recognizance shall act as a supersedeas of said sentence until said bill of exceptions be abandoned, denied, overruled or otherwise disposed of in accordance with the statutes in such cases made and provided."

The petitioners have not pressed, in support of their position herein, their contention that the above-quoted section is unconstitutional in that it is repugnant to § § 8, 10 and 14 of art. I of the constitution of this state. In substance, these sections deal respectively with bail and punishments, with certain rights of one accused of crime, including the right that such person shall not be deprived of life, liberty or property unless by the judgment of his peers or the law of the land, and with the principle that, as every man is presumed innocent until pronounced guilty by the law, no unnecessary act of severity should be permitted. We consider, therefore, that the petitioners have, in effect, waived these contentions.

In their brief, however, they urge that said § 72, *supra,* is unconstitutional as being in violation of the provisions of section 1 of art. X of the state constitution. This last-mentioned section reads as follows: "The judicial power of this state shall be vested in one supreme court, and in such inferior courts as the general assembly may, from time to time, ordain and establish." The petitioners maintain that the general assembly, in passing § 72, *supra,* invaded the judicial power, as set out in the constitution, by authorizing the attorney general to move for sentence in certain cases. They argue that the attorney general is an administrative officer of the state and that all matters relating to sentencing are inherent in the judicial department of the state government. They also contend that § 72, *supra,* is in violation of section 1 of art. X of the constitution in that it places in the attorney general the sole power of determining when sentence shall be imposed.

We are unable to agree with these contentions of the petitioners. Under art. III of the state constitution the powers of the government are distributed into three departments: the legislative, executive and judicial. A comprehensive consideration of the scope of the judicial power may be found

in *Taylor & Co.* v. *Place,* 4 R. I. 324. It is of course not open to dispute that the actual imposition of sentence upon one convicted of crime falls solely within the exercise of the judicial power, and hence can be performed only by the proper judicial tribunal.

However, in this state the attorney general is a constitutional officer with certain powers and duties. Section 12 of art. VII of the constitution, dealing with the executive power is in part as follows: "The duties and powers of the . . . , attorney-general . . . , shall be the same under this constitution as are now established, or as from time to time may be prescribed by law." In considering the scope and effect of a deferred sentence in a criminal case, and the right of the attorney general to enter into an agreement with the accused respecting such a sentence, this court had occasion in *Orabona* v. *Linscott,* 49 R. I. 443, to discuss at some length the powers and duties of the attorney general of this state. The following appears at page 445 of the opinion: "Under the constitution and by long established practice great power and responsibility for the enforcement of the criminal laws are lodged in the attorney general. . . . Before the trial begins, and after the trial concludes before sentence is imposed, the attorney general may enter a *nolle prosequi* without the advice or permission of the court. *Rogers* v. *Hill,* 22 R. I. 496; *McGrane, Petr.,* 47 R. I. 106. . . . The common practice in the Superior Court is to impose sentence after motion is made therefor by the attorney general for the reason presumably that he is the executive office primarily responsible for the execution of the law and that the function of the court is in the main to determine the sentence or to make such other disposition of the cause as is proper."

In our judgment the above-quoted language substantially supports the state's position herein. The decision of the attorney general not to follow the customary procedure, that is, to withhold his motion to sentence until the peti-

tioners' exceptions had been finally determined in this court, may not ordinarily be the best practice; but such fact does not establish that he had no such power under this statute, or that in acting thereunder he thereby invaded the judicial power, as the petitioners contend.

When the attorney general exercises his discretion to determine when, if ever, he shall move the court to employ its judicial power and impose sentence, he is not then exercising any judicial power himself. There is a clear distinction between judicial power, such as is established by the constitution, and a discretionary power which merely involves the exercise of judgment by the attorney general in connection with a matter properly within the scope of his office. See *State* v. *LeClair*, 86 Me. 522. In our opinion the authority given the attorney general under § 72, *supra,* to move for sentence, is not in the nature of judicial power, and does not invade the province of the judiciary, but is merely a discretionary power vested in him under the provisions of said section.

Statutes generally similar in form and effect to § 72, *supra,* have been held to be constitutional elsewhere. *Commonwealth* v. *Brown,* 167 Mass. 144; *In re Lebowitch,* 235 Mass. 357. See also *State* v. *Morrill,* 105 Me. 207. The petitioners have called to our attention no case in which such a statute has been decided to be unconstitutional.

The petitioners contend that under the literal construction of the phrase, "and the court shall forthwith proceed to sentence such person", as used in § 72, *supra,* the attorney general would, in effect, become vested with judicial power, because the court, regardless of all circumstances and conditions, must act forthwith when once the motion to sentence is made. This contention is not without some force. However, we are of the opinion that all parts of § 72, *supra,* must be reasonably construed so that, if possible, its purpose may be effectuated; and therefore that the above-quoted phrase

should not be construed literally. Particularly is this so when the statute under which a defendant is to be sentenced provides for an alternative sentence. In such case, after the attorney general has moved for sentence under the provisions of § 72, *supra*, the court manifestly should have such reasonable time as may be necessary for it to perform its duty in determining the proper sentence to be imposed under all the facts and circumstances of the case.

By giving the phrase in question such reasonable construction, it does not, in effect, vest judicial power in the attorney general; nor does it interfere with or limit the court's judicial power so as to make this section obnoxious to the constitution. It is well settled that when a statute is susceptible of two reasonable constructions, one of which raises a serious question as to its constitutionality and the other does not, then the former construction should be rejected and the latter adopted. *Edwards, Gdn.* v. *Cardarelli,* 65 R. I. 236.

We find, therefore, that § 72, *supra,* is not in violation of any of the provisions of our constitution referred to by the petitioners, and that such section is constitutional.

In view of the fact that we have thus determined the fundamental question which the petitioners asked the superior court to certify to this court, we deem it unnecessary at this time to pass upon the question of the constitutionality of the act of the general assembly approved January 26, 1940 and entitled: "An Act Repealing Section 1 and Amending Section 6 of Chapter 545 of the General Laws of 1938 Entitled 'Certification of Cases to the Supreme Court' ". The petitioners' motion in that connection was made merely because the superior court had declined to certify the question regarding the constitutionality of § 72, *supra,* and as we have decided that issue herein, the other issue becomes immaterial in these proceedings.

The writ of *certiorari* is quashed, and the record in the cause entitled *State* v. *Daniel Fay et al.*, sent to us by the superior court, is remitted to said court.

*Louis V. Jackvony,* Attorney General, *James O. Watts,* Asst. Atty. Gen., for state.

*James A. McGuirk, Frank L. Martin,* for defendants, petitioners.