STATE *vs.* THOMAS CARMELLO.

JULY 21, 1955.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

BAKER, J.  This indictment charges that the defendant did break and enter in the nighttime a certain building, to wit, a particular shop with intent to commit larceny.  The defendant pleaded nolo contendere and the superior court deferred sentence.  Subsequently the defendant was brought before that court for sentence based on his violation of a deferred sentence agreement.  After a hearing a justice of the superior court denied his motion to be discharged from custody on the alleged ground that the court no longer had jurisdiction, and the case is here on the defendant's bill of exceptions to that and other rulings.  He is relying only on

his first and fourth exceptions both of which relate to the denial of said motion to be discharged. His other exceptions not being briefed or argued are deemed to be waived.

The proceedings taken under such indictment are not in dispute and are pertinent to the questions raised herein. On January 31, 1943 defendant was duly indicted under the above indictment and also under a companion indictment charging him with possessing burglar's tools. When arraigned on February 12, 1943 he pleaded not guilty to both indictments. However, on March 29, 1943 he retracted said pleas and pleaded nolo contendere to both charges. Thereafter he was sentenced to ten years in state prison under indictment No. 21647 charging him with possessing burglar's tools and on that date the instant indictment No. 21646 was continued for disposition in the future. On July 8, 1947, while still in prison under the sentence imposed on indictment No. 21647, he was brought before the superior court for disposition of the instant indictment No. 21646 to which he had already pleaded nolo contendere. At that time, upon his execution of a conditional deferred sentence agreement with the attorney general, the sentence under the present indictment was deferred by the court.

The pertinent portion of the deferred sentence agreement here involved reads as follows: "Agreement under which Sentence is deferred It is hereby agreed that sentence may be deferred on the above entitled indictment,—upon payment of all costs, during the good behavior of the defendant, and so long as the Attorney General is satisfied that the defendant has broken none of the criminal laws of this State, since the date of this agreement."

Subsequently on December 22, 1948 defendant was paroled from state prison. On November 25, 1953 he was arrested on a capias for the alleged violation of the deferred sentence agreement entered into by him and the attorney general and he was taken before the superior court for imposition of sentence. Eventually on December 18, 1953,

on motion of the attorney general based on defendant's violation of the terms of the deferred sentence agreement, he was sentenced on this indictment to state prison for eight years.

At the time the indictable crimes were *committed* the law which governed the procedure in connection with the deferring of sentences was set out in general laws 1938, chapter 496, §18, and provided in part as follows:

> "Whenever any prisoner shall be arraigned before the superior court, and shall plead guilty, or refuse to contend with the state, he may be at any time sentenced by the court; *provided,* that if at any time the court formally defers sentencing the defendant, and thereupon a written agreement concerning said deferring of sentence is entered into between the attorney-general and the prisoner, and filed with the clerk of said court, thereafter the court may only impose sentence within 5 years from and after the date of said written agreement, unless during said period, such prisoner shall be sentenced to imprisonment in this or in any other state, in which event the court may impose sentence at any time within 5 years from and after the termination of such sentence of imprisonment."

However, that section was amended by public laws 1945, chap. 1560, and reads:

> "Whenever any prisoner shall be arraigned before the superior court, and shall plead guilty, or refuse to contend with the state, he may be at any time sentenced by the court; *provided,* that if at any time the court formally defers sentencing the defendant, and thereupon a written agreement concerning said deferring of sentence is entered into between the attorney-general and the prisoner, and filed with the clerk of said court, thereafter the court may only impose sentence within 5 years from and after the date of said written agreement, unless during said period, such prisoner shall be sentenced to imprisonment in this or in any other state, in which event the court may impose sentence at any time within 5 years from and after the termination of such sentence of imprisonment, or

unless at the time such sentence is formally deferred such prisoner shall be serving a term of imprisonment under sentence previously imposed in another case, in which event the court may impose sentence at any time within five years from and after the date on which such prisoner is released from prison either on parole or at the termination of such sentence of imprisonment, whichever first occurs."

The question raised by defendant's motion to be discharged from custody is whether said deferred sentence agreement is governed by the quoted provisions of the general laws of 1938 or by the amendment thereto passed in 1945, particularly in respect to the length of time the instant deferred sentence agreement remained in force and effect in the circumstances.

In passing on that question the trial justice, when defendant was before him for the imposition of sentence on the instant indictment, held in substance that the statute of 1945 was controlling; that the deferred sentence agreement had not expired and was still in effect; that such statute did not in any way affect defendant's substantive rights; that it was not penal in nature but was merely procedural in character; and that it could be applied to the situation in which the defendant found himself in so far as figuring the time in order to determine whether or not five years had elapsed from the date of the signing of the deferred sentence agreement.

In support of his exceptions defendant contends in substance that the five year statutory limit upon the deferred sentence agreement must be computed in accordance with the statute as it existed at the time of the *commission* of the crime for which he is before the court for sentence; that therefore in the instant case the period of limitation must be figured under G. L. 1938, chap. 496, §18; that under such law the period began to run on July 8, 1947 when the deferred sentence agreement was entered into; and that according to law it expired on July 8, 1952 thereby depriving

the court of further jurisdiction thereunder. He also contends that the general assembly enacted the 1945 amendment to apply only to defendants who committed an offense *after* the date when such law went into effect; that therefore such amendment was not applicable here; and that if the legislature intended otherwise the statute would be open to attack as being *ex post facto* in nature and therefore constitutionally invalid.

The parties have called to our attention authorities which they argue tend to support their respective positions. Upon examination it seems clear that, in several important respects relating to questions arising in connection with deferred and suspended sentences respectively, courts in different jurisdictions under varying statutes are by no means unanimous in their holdings but express differences of opinion regarding such questions. Further there has come to our attention no case which has considered and determined the question raised herein as to which of two similar statutes is applicable in the circumstances.

Upon consideration of the statutes of this jurisdiction, it is our opinion that the trial justice's construction and application of P. L. 1945, chap. 1560, are correct; that defendant's deferred sentence agreement was determinable by the provisions of that statute rather than by those of G. L. 1938, chap. 496, §18; and that therefore the limitation period began to run from the date defendant was released from prison on parole as provided in that statute.

The defendant apparently misconceives the nature and effect of those statutes and the deferred sentence agreements thereunder. The underlying principle of law governing a deferred sentence agreement has been set forth by this court in *Orabona* v. *Linscott,* 49 R. I. 443. In discussing certain questions relating to the powers of the attorney general in disposing of criminal matters, this court, at pages 445, 446, held: "In the case at bar after the plea of nolo the court was not required to impose sentence at once as the

statute is permissive not mandatory. * * * Agreements of this kind for many years past have been made by the attorney generals in this State and have been found to be beneficial to the public and to defendants." Then after stating that the validity of such agreements had been recognized by the legislature by the passage of an act limiting the length of time after which such an agreement might run, the court continued as follows: "We think the attorney general had the right and the authority to make such an agreement. The effect of the agreement was not to suspend the operation of a sentence, but to defer, with defendant's consent, the imposition of any sentence."

Since that time the practice has been consistent with such principle and is now well established with the approval of this court. See *Broccoli* v. *Kindelan,* 80 R. I. 436. In our opinion both of the statutes in question are written in clear, simple language and are not ambiguous as to their meaning. Neither of them purports to provide for any substantive law as to a crime, or the elements which constitute it, or the punishment therefor. The provision authorizing the attorney general to enter into a deferred sentence agreement confers no right upon the defendant to demand such an agreement or a deferred sentence. Nor does it compel the court to approve an agreement and grant a deferred sentence. The postponement of the case for sentence by the court, upon execution by defendant of the conditional deferred sentence agreement, is a mere privilege accorded to him under the conditions therein set forth. It is not to be confused with a substantive right, or with a sentence, or with a suspended sentence. See *Orabona* v. *Linscott, supra.* Being a privilege under the statute it is governed by the law in existence when such privilege is invoked.

In the instant case the privilege of having the disposition of the case formally deferred until a future date, in accordance with the conditional deferred sentence agreement, was given to defendant on July 8, 1947. At that time the amend-

ment of 1945 was in effect and he was still "serving a term of imprisonment under sentence previously imposed in another case." Therefore the provisions of that statute were properly applicable and the five year limitation was computable from the date of his parole rather than from the date of the agreement.

But the defendant further argues that such interpretation would constitute in effect an *ex post facto* law which was invalid. There is no merit in this contention because, as stated, the statute does not provide in any way for a substantive crime or its punishment and it grants defendant no substantive right. As stated it merely provides a privilege to defendant upon certain expressed conditions which may be attached by the state at any time to the formal postponement of the imposition of sentence.

The defendant's exceptions are overruled, and the case is remitted to the superior court.

*William E. Powers, Atty. Gen., Raymond J. Pettine, Ass't Atty. Gen.,* for State.

*William G. Grande,* for defendant.