Nicholas A. PALMIGIANO et al.

v.

John P. AFFLECK et al.

Civ. A. Nos. 4296, 4348.

United States District Court,
D. Rhode Island.

June 10, 1971.

Hayden C. Covington, Barrington, R. I., Stanley A. Bass, New York City, Cary J. Coen, of R. I. Legal Services, Inc., Providence, R. I., for plaintiffs.

Richard J. Israel, Atty. Gen. R. I., Donald P. Ryan, Asst. Atty. Gen., Providence, R. I., Ira L. Schreiber, of Dept. of Social Welfare R. I., Providence, R. I., for defendants.

Before McENTEE, Circuit Judge, and PETTINE and DAY, District Judges.

## OPINION

PER CURIAM.

This is a consolidated class action brought under the Federal Civil Rights Act (specifically 42 U.S.C. § 1983 as implemented by 28 U.S.C. § 1343(3)), on behalf of all awaiting trial inmates of the State Prison complex of the Adult Correctional Institutions of Rhode Island (ACI), seeking appropriate declaratory and injunctive relief against the enforcement of certain State constitutional provisions, statutes, regulations and customs (hereinafter referred to collectively as statutes) alleged to be violative of the United States Constitution.

Pursuant to the authority and command of 28 U.S.C. § 2284, a three-judge court was designated as required by 28 U.S.C. § 2281.[1]

At a preliminary hearing on motions to dismiss certain party defendants for failure to state a claim upon which relief can be granted against them, and for lack of subject matter jurisdiction, the Court raised sua sponte the jurisdictional issue whether plaintiffs were attacking the constitutionality of the statutes on their face or were really challenging the constitutionality of the defendants' application of those statutes, thereby questioning the necessity for a three-judge court. It held in abeyance ruling on the motions to dismiss pending the determination of its authority in this litigation.

### Is This a Proper Matter for a Three-Judge Court?

■ In an assault upon a State statute, seeking injunctive and declaratory relief for deprivation of civil rights, a three-judge court should be dissolved once it decides that the statute is constitutional on its face, and the suit should be remanded to a single judge. In Rosado v. Wyman, 397 U.S. 397, 90 S.Ct. 1207, 25 L.Ed.2d 442 (1970), the Supreme Court clearly expressed the thought that a three-judge court should not decide anything other than those matters it is required to hear:

"Even had the constitutional claim not been declared moot, the most appropriate course may well have been to remand to the single district judge for findings and the determination of the statutory claim rather than encumber

the district court, at a time when district court calendars are overburdened, by consuming the time of three federal judges in a matter that was not required to be determined by a three-judge court."

*Id.* at 403, 90 S.Ct. at 1213.

Moreover the latest pronouncement by the Supreme Court on the availability of the doctrine of pendent jurisdiction to enlarge the jurisdiction of a three-judge court is Perez v. Ledesma, 401 U.S. 82, 91 S.Ct. 674, 27 L.Ed.2d 701 (1971). There a three-judge court, convened for the purpose of ruling on the constitutionality of a State statute and local ordinance, adopted by reference in its opinion the finding by the single initiating judge that the local ordinance was unconstitutional. As to the ordinance, the Supreme Court refused to entertain a 28 U.S.C. § 1253 direct appeal, remanding with instructions that there be entered " * * * a fresh decree from which the parties [could] take an appeal to the Court of Appeals * * * if they so desire[d]."[2] It is also significant that the mere fact that the ordinance and the statute both dealt with the same subject matter was not sufficient to make the claim under the ordinance pendent. This was further developed in a separate opinion by Mr. Justice Douglas; concurring with that portion of the majority opinion requiring review by the Court of Appeals of the order of the single District Judge, he attempted to delineate the grounds for pendent jurisdiction:

"Pendent jurisdiction does extend to nonconstitutional grounds for chal-

---

1. "§ 2281. Injunction against enforcement of State statute; three-judge court required

An interlocutory or permanent injunction restraining the enforcement, operation or execution of any State statute by restraining the activities of any officer of such State in the enforcement or execution of such statute or of an order made by an administrative board or commission acting under State statutes, shall not be granted by any district court or judge thereof

upon the ground of the unconstitutionality of such statute unless the application therefor is heard and determined by a district court of three judges under section 2284 of this title. June 25, 1948, c. 646, 62 Stat. 968."

2. Though the holding is that the three-judge court did not have pendent jurisdiction to decide the local ordinance issue, it did not bar hearing the evidence regarding the ordinance violation since it was the same as that presented in the challenge to the State statute.

lenging a statute when a constitutional challenge is also raised. [citations omitted] State causes of action have been appended to federal causes of action in a one-judge court where all causes of action arose out of the same set of facts. [citation omitted]. This case, however, does not involve a challenge to one statute or a request for one award of relief on different grounds, but a challenge to two different laws on the same grounds."

*Id.* at 91, 91 S.Ct. at 680.

Turning to each of the statutes in question, we are compelled to recognize either our lack of jurisdiction over this litigation or the wisdom of abstention.

*Rhode Island Constitution,*
*Article VII, Sec. 12*[3]

■ This apparently innocuous provision was interpreted and clarified by the Rhode Island Supreme Court in Orabona v. Linscott, 49 R.I. 443, 144 A. 52 (1928). The plaintiffs here claim that as a result of that decision the constitutional provision confers unbridled authority upon prosecutors to control State trial court calendars, without any limitations or standards, resulting in long periods of pre-trial detention of accused persons. They conclude therefrom that this State constitutional provision violates the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States (citing Kent v. Dulles, 357 U.S. 116, 129, 78 S.Ct. 1113, 2 L.Ed.2d 1204 (1958)), and the speedy trial provisions of the Sixth and Fourteenth Amendments (citing Klopfer v. North Carolina, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967) and Dickey v. Florida, 398 U.S. 30, 90 S.Ct. 1564, 26 L.Ed.2d 26 (1970)).

The holdings of these cases cannot be disputed but to the issue at hand of facial constitutionality they simply are not in point. The plaintiffs miss the mark in disregarding the precise holding in

*Orabona, supra,* that the Attorney General's control over the trial calendar is limited. The court said:

"His control of the prosecution, of course, is regulated by the constitutional provision (article 1, § 10) that the accused shall have a right to a speedy and public trial, and by Gen. Laws 1923, C. 407, § 57 [now § 12–13–7], that every person indicted for murder and certain other felonies and imprisoned under the indictment shall be tried or bailed within six months after he shall plead to such indictment, if he demand a trial, unless such delay is unavoidable."

49 R.I. at 445, 144 A. at 53.

This limitation engrafted by case law on the Rhode Island constitutional provision at issue negates the contention of facial unconstitutionality. Furthermore, in spite of plaintiffs' contentions to the contrary, a criminal defendant may move for trial, thereby subjecting prosecutorial calendar control to the parameters of judicial discretion to grant or deny the motion within the context of Art. 1, Section 10 of the Rhode Island Constitution and of the Sixth Amendment to the United States Constitution, both of which provide, "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial * * *." The Rhode Island Supreme Court never sanctioned unbridled control in the State Attorney General. In saying,

"It thus appears *that, unless a defendant demands a trial,* it rests with the Attorney General to decide when, if ever, an indictment shall be set down for trial." (Emphasis added.)

49 R.I. at 445, 144 A. at 53,
it recognized the inherent right of an accused to a speedy trial and the limitations which the recognition of that right places upon the Attorney General.

Therefore, plaintiffs' contention that this provision of the State constitution

---

3. "The duties and powers of the secretary, attorney general and general treasurer, shall be the same under this Con-

stitution as are now established, or as from time to time may be prescribed by law."

is facially unconstitutional, in violation of the Sixth Amendment, is without merit. Since the Due Process challenge to this provision is premised on the same grounds, it also falls beyond the scope of matters required to be heard by a three-judge District Court.

### Rhode Island General Laws, Section 13–1–1

 This statute confers upon the assistant director of the Department of Social Welfare in charge of correctional services " * * * full authority and power to provide for the control, discipline, care and education and employment of the inmates * * *," including the discretion to transfer inmates among institutions, " * * * for the better care of such person[s]."

The plaintiffs argue in their brief at p. 3, "We submit that where the little liberty that inmates possess can be further limited by adverse administrative action, i. e., transfer from minimum restraints to maximum restraints, the statute must provide fair and comprehensible standards in order to guide the officials, so that potential abuses of discretion may be avoided or at least minimized. See generally Kent v. Dulles, 357 U.S. 116, 129, [78 S.Ct. 1113, 2 L.Ed.2d 1204] (1958), and cases cited therein. Standards are either totally lacking, or are incomprehensible, in the above statute, and therefore it is unconstitutional on its face."

Conceding the absence of statutory standards, abstention is entirely proper in this case in order to permit a construction by the Rhode Island Supreme Court which may well avoid a holding of federal unconstitutionality. Cox v. New Hampshire, 312 U.S. 569, 61 S.Ct. 762, 85 L.Ed. 1049 (1941).

Constitutional rights in a prison context is a developing area of jurisprudence.[4] This court cannot conclude that there is no means by which the Supreme Court of this State, if given the opportunity, could engraft an interpretation upon § 13–1–1 which would avoid constitutional problems. This case is substantially different from First Amendment cases where abstention may be inapplicable. See generally Federal Question Abstention: Justice Frankfurter's Doctrine in an Activist Era, 80 Harv.L.Rev. 604, 607–613 (1967).

In Reetz v. Bozanich, 397 U.S. 82, 85, 90 S.Ct. 788, 789, 25 L.Ed.2d 68 (1970), citing City of Meridian v. Southern Bell Tel. & Tel. Co., 358 U.S. 639, 79 S.Ct. 455, 3 L.Ed.2d 562 (1959), the Court reiterated that:

"Proper exercise of federal jurisdiction requires that controversies involving unsettled questions of state law be decided in state tribunals preliminary to a federal court's consideration of the underlying federal constitutional questions. * * * That is especially desirable where the questions of state law are enmeshed with federal questions. * * * Here the state law problems are delicate ones, the resolution of which is not without substantial difficulty—certainly for a federal court. * * * In such a case, when the state court's interpretation of the statute or evaluation of its validity under the state constitution may obviate any need to consider its validity under the Federal Constitution, the federal court should hold its hand, lest it render a constitutional decision unnecessarily."

This admonition gains full vitality in the case at bar dealing with the explosive problem of inmates for whom the State has full responsibility. It appears to us it is the better part of discretion to abstain while the parties seek an authoritative declaration from the State court. As to State law 13–1–1 we so hold. We do not believe that because we may have to consider the challenge to Section 13–1–1 of the Rhode Island Gen-

4. Sostre v. McGinnis, 442 F.2d 178 (2nd Cir. 1971); see also Cooper v. Pate, 378 U.S. 546, 84 S.Ct. 1733, 12 L.Ed.2d 1030 (1964), on remand, 382 F.2d 518 (7th Cir. 1967); Barnett v. Rodgers, 133 U.S. App.D.C. 296, 410 F.2d 995 (1969).

eral Laws this is a proper case for the exercise of pendent jurisdiction over the remaining claims. The situation cannot be analogized to that of *Perez, supra,* n. 1, since no testimony at all has been heard by this Court and furthermore it would serve no useful purpose to do so.

### Other Claims

In their recent memorandum, plaintiffs appear to concede and we so find that the remaining statutes under attack are constitutional on their face. We need not discuss these further and hold they should be remanded to a single judge.

It is hereby Ordered that the case in its entirety except as to those issues involving Section 13–1–1, Rhode Island General Laws, be remanded to the single judge with whom it was filed; further, we abstain from rendering any opinion as to the federal constitutionality of Section 13–1–1, in order to enable the parties to repair to the State courts for an authoritative ruling.