349 A.2d 609

STATE *vs.* ELL JOHNSON, JR.

JANUARY 16, 1976.

PRESENT: Paolino, Joslin and Kelleher, JJ.

JOSLIN, J. On May 10, 1968 the defendant, Ell Johnson, Jr., who had previously pleaded nolo contendere in the Superior Court to three indictments, was sentenced to serve a term of 15 months on one and received a suspended sentence and was placed on probation on another. With respect to the third indictment he entered into a deferred sentence agreement with the Attorney General pursuant to what is now G. L. 1956 (1969 Reenactment) §12-19-19.[1] More than 5 years later, he was adjudged a violator of that agreement for which he was sentenced on April 10, 1974 to serve a term of 7 years. Thereupon, purport-

---

[1]General Laws 1956 (1969 Reenactment) §12-19-19 reads as follows:

"Whenever any prisoner shall be arraigned before the superior court, and shall plead guilty, or refuse to contend with the state, he may be at any time sentenced by the court; provided, that if at any time the court formally defers sentencing the defendant, and thereupon a written agreement concerning said deferring of sentence is entered into between the attorney-general and the prisoner, and filed with the clerk of said court, thereafter the court may only impose sentence within five (5) years from and after the date of said written agreement, unless during said period, such prisoner shall be sentenced to imprisonment in this or in any other state, in which event the court may impose sentence at any time within five (5) years from and after the termination of such sentence of imprisonment, or unless at the time such sentence is formally deferred such prisoner shall be serving a term of imprisonment under sentence previously imposed in another case, in which event the court may impose sentence at any time within five (5) years from and after the date on which such prisoner is released from prison either on parole or at the termination of such sentence of imprisonment, whichever first occurs.

ing to act under authority of Super. R. Crim. P. 35,[2] he moved to vacate that sentence on the ground that it had been illegally imposed. The case is now here on the defendant's appeal from the denial of that motion. The parties have not argued — and we do not reach — the question of whether Rule 35's authorization to "correct an illegal sentence" includes the power to vacate a sentence like that imposed in this case.

The sole question is whether imposition of the April 10, 1974 sentence contravened the time limitations of §12-19-19. Subject to certain exceptions, that section provides that the Superior Court may only impose a sentence for the violation of a deferred sentence agreement within 5 years from and after the date of its execution. The exceptions apply (1) if at the time sentence is formally deferred the offender is serving a sentence previously imposed in another case, or (2) if during the 5-year period next following the imposition of the deferred sentence he is sentenced to prison for another offense in this or any other state. The statute further provides that the 5-year period will not commence until the termination of an intervening sentence or, in the case of a previously imposed sentence, until the offender is released from prison on parole or at the termination of his sentence. *Shahinian* v. *Langlois,* 100 R. I. 631, 638, 218 A.2d 461, 465 (1966); *Almeida* v. *Langlois,* 97 R. I. 325, 327, 197 A.2d 498, 499

---

[2]Rule 35 of the Superior Court Rules of Criminal Procedure provides:

"The court may correct an illegal sentence at any time. The court may correct a sentence imposed in an illegal manner and it may reduce any sentence within 120 days after the sentence is imposed, or within 120 days after receipt by the court of a mandate of the Supreme Court of Rhode Island issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after receipt by the court of a mandate or order of the Supreme Court of the United States issued upon affirmance of the judgment, dismissal of the appeal, or denial of a writ of certiorari. The court may reduce a sentence, the execution of which has been suspended, upon revocation of probation."

(1964); *Giroux* v. *Superior Court,* 86 R. I. 48, 133 A.2d 636 (1957), *cert. denied,* 355 U. S. 919, 78 S.Ct. 349, 2 L.Ed.2d 278 (1958); *State* v. *Carmello,* 83 R. I. 303, 116 A.2d 464 (1955).

The defendant asserts that his 7-year sentence was illegal because it was imposed more than 5 years following execution of the deferred sentence agreement and because neither of the exceptions to the general limitation period was applicable. That assertion depends for its validity on defendant's assumption that his 15-month prison term and deferred sentence were simultaneous because they were rendered on the same day. Under that view the statutory exceptions would not be pertinent inasmuch as the prison term was not imposed either prior to or during the 5-year period next following the formal deferring of sentence.

But defendant's assumption is not valid, for when two separate sentences such as those in this case are imposed, the imposition of one must necessarily precede the other, however briefly. Thus, in this case the execution of the deferred sentence agreement either preceded or followed the imposition of the 15-month jail sentence. If it preceded, the subsequent imprisonment was for an intervening sentence; if it followed, defendant was then serving time on a sentence previously imposed in another case. In either of those events, the 5-year limitation period would measure not from the formal deferring of sentence but at the earliest from defendant's release from prison on May 23, 1969. Because less than 5 years had elapsed by April 10, 1974, the sentence received on that date for

554

the violation was imposed within the applicable limitation period and hence was not illegal.[3]

Moreover, even were we to accept the defendant's assumption that the deferred sentence and the 15-month prison term were simultaneous, it would be of no assistance to him. This is so because less than 5 years following the execution of the deferred sentence agreement, the defendant was sentenced to imprisonment by the United States District Court for the District of Rhode Island and pursuant thereto was confined in federal prison from May 23, 1969 to August 29, 1973. This sentence falls squarely within §12-19-19's intervening imprisonment exception and consequently postponed the commencement date of the 5-year period until defendant's release from federal incarceration in 1973. Less than a year passed between that time and April 10, 1974, when the defendant was sentenced as a violator.

For the reasons indicated, the defendant's appeal is denied and dismissed, the judgment appealed from is affirmed, and the case is remanded to the Superior Court for further proceedings.

Mr. Chief Justice Roberts participated in the argument but retired prior to the announcement of the decision.

---

[3]The state refers to *Flint* v. *Howard,* 110 R. I. 223, 291 A.2d 625, *cert. denied,* 409 U. S. 1078, 93 S.Ct. 694, 34 L.Ed.2d 667 (1972), in which the defendant pleaded guilty to three indictments, received 6-year concurrent sentences on two indictments and entered into a deferred sentence agreement on the third indictment. We said in that case:

"Also in accordance with [§12-19-19] the period of probation provided for in the deferred sentence agreement would run for five years from the date of [the defendant's] release from the incarceration resulting from the six-year concurrent sentences." *Id.* at 225, 291 A.2d at 626.

The defendant distinguishes *Flint,* however, because of jacket entries indicating that the defendant in that case was adjudged a violator and his sentence again deferred, thereby causing the 5-year period to recommence.

Mr. Justice Doris did not participate.

*Julius C. Michaelson,* Attorney General, *William Granfield Brody,* Special Asst. Attorney General, for plaintiff.

*William F. Reilly,* Public Defender, *Allegra E. Munson,* Asst. Public Defender, for defendant.