DECISION
Defendant Keith Burke moved to dismiss this action, claiming that it violates the terms of a plea agreement of October 12, 1994 in another action. Mr. Burke claims that he pled to other felonies as the State previously promised to dismiss the charge of murder, in an earlier action.
 Facts and Travel
In 1992 and 1993, the State of Rhode Island charged Keith Burke with a number of felonies. The cases were numbered P1/92-1559, P2/93-3719 and P2/93-3976. In these cases, Mr. Burke was charged with murder, breaking and entering, and the crime of larceny.
These cases came on for consideration before another Justice of this Court on October 12, 1994. At that time, Matthew Smith, then a prosecutor within the Attorney General's Office, was assigned the prosecution of Mr. Burke's case. After consulting with his superiors, Attorney Smith reported to the Court that he was unable to proceed with the murder charge against Mr. Burke, absent corroborating testimony of Mr. Burke's wife, Ms. Deborah Lee Burke.
In a hearing on October 12, 1994, Ms. Burke testified that she would be asserting the marital privilege. Attorney Smith and the defense attorney examined Ms. Burke regarding the marital privilege. Attorney Smith then agreed on behalf of the State that the murder charge against Mr. Burke would be dismissed. At that same proceeding, the Superior Court accepted two guilty pleas from Mr. Burke. Mr. Burke indicated in the plea colloquy that he was neither forced nor coerced to enter into the pleas on the other felonies.
Unfortunately, the transcript for the October 1994 proceeding does not say whether the dismissal was to be with or without prejudice. The transcript also does not indicate whether or not the pleas were given in consideration of any promise or in exchange for an agreement to not prosecute the murder charge.
On November 12, 1994, the State of Rhode Island dismissed the murder charge against Mr. Burke pursuant to Rule 48(a) of the Super. R. Crim. P. in case number P1/92-1559A. The dismissal form was signed both by Attorney Smith and by one of his superiors at the Department of Attorney General. The dismissal form indicates that the murder charge is being dismissed because Deborah Burke asserted the marital privilege and "WITHOUT THE TESTIMONY OF DEBORAH BURKE, THE STATE MAINTAINS IT CANNOT SUCCESSFULLY PROSECUTE THE DEFENDANT BEYOND A REASONABLE DOUBT."
The dismissal form was entered with the Court and mailed to defense counsel. It does not indicate whether or not the dismissal was with or without prejudice or in consideration of any other agreement. It was not signed by the defendant, the defense counsel or the Court.
In 2004, Mr. Burke was indicted in the instant action, apparently for the identical murder charge. In June 2005, Mr. Burke moved to dismiss the new murder charge. He asserted that in the plea agreement of October 12, 1994, "the State promises to dismiss the charge of murder," and as the plea rests on this promise as an inducement, the promise must be fulfilled. When this matter came on for hearing before the Court in spring of 2006, both parties were given the opportunity to present evidence, and the defendant declined to do so.
At the hearing, the Court found the April 22, 1994 plea agreement ambiguous (at least in part) and allowed for extrinsic evidence. Throughout his testimony, Attorney Smith indicated that neither he nor the State agreed that the dismissal would be with prejudice or in return for entering pleas on the other case. During his testimony Attorney Smith stated:
 In response to your question, Mr. Regine, I can state unequivocally in my capacity as AG, Assistant AG, on October 12, 1994, in no way, shape or form, would I, could I, have authorized to in exchange for a plea on those two lesser felony charges agree to bind the State and dismiss the case pursuant to Rule 48(a) with prejudice. And I did not. And that was not my intention, and was not done, and was not offered.
Throughout his testimony, Attorney Smith indicated that there was never an agreement that the plea would be with prejudice. Attorney Smith testified there was never an agreement to dismiss the murder charge in consideration for Mr. Burke's guilty pleas on the other felonies. Attorney Smith's testimony is consistent with the transcript of the 1994 proceeding.
Attorney Smith's assertions were completely corroborated by Assistant Attorney General J. Patrick Youngs. In 1994, Attorney Youngs was Attorney Smith's superior at the Attorney General's Office. Both Attorney Youngs and Attorney Smith were subject to cross-examination. Their assertions were never impeached, nor were there any contradictory evidence introduced to show that the dismissal was with prejudice or in consideration for a plea on the other charges.[1] This Court concludes as a finding of fact that the State did not agree to dismiss the murder charge without prejudice. This Court concludes as a finding of fact that the State did not agree to dismiss the murder charge in consideration of Mr. Burke's plea to the other felonies.
 Analysis
1. The authority of the State to dismiss a criminal charge.
Rhode Island Criminal Rule of Procedure 48 states:
 (a) By Attorney for State. The Attorney for the State may file a dismissal of an Indictment, Information or Complaint and the prosecution shall thereupon terminate. Such a dismissal may not be filed during the trial without the consent of the defendant.
 (b)
The rule itself indicates that the State alone has the power to dismiss the charge; it does not need the pre-approval or the express permission of the Court. Our Supreme Court discussed the power of the Attorney General to dismiss criminal actions just four years ago:
 In other contexts we have stressed the unique position of the Attorney General in Rhode Island's constitutional system. Indeed, the essential powers of that office require it to be able to exercise its discretion and judgment concerning the prosecution of criminal charges, even in misdemeanor cases like this one. See, e.g., In re House of Representatives (Special Prosecutor) 575 A.2d 176, 179-80 (R.I. 1990); Suitor v. Nugent, 98 R.I. 56, 58-59, 199 A.2d 722, 723 (1964); State v. Faye, 65 R.I. 304, 310-11, 14 A.2d 799, 801-02 (1940); Orabona v. Linscott, 49 R.I. 433, 445, 144 A. 52, 53 (1928); Rogers v. Hill, 22 R.I. 496, 497, 48 A. 670-71
(1901). These cases explicitly affirm the proposition that the Office of Attorney General possesses the exclusive power to dismiss criminal charges by entering a nolle prosequi and that its power to do so derives from Article 9, Section 1 of the Rhode Island Constitution. See Suitor, 98 R.I. 59, 199 A.2d at 723; Orabona, 49 R.I. at 445, 144 A. at 53, Ex parte McGrane, 47 R.I. 106, 107, 130 A. at 804
(1925); Rodgers, 22 R.I. 497, 48 A. at 670-71. Thus, the Attorney General may file a nolle prosequi and thereby cause a criminal case, including the one initiated via a private complaint to be dismissed at any time before the imposition of the sentence. See Orabona, 49 R.I. at 445, 144 A. at 53; Rogers, 22 R.I. at 497, 48 A. at 670-71. Cronan ex rel. State v. Cronan, 774 A.2d 866, 874-875 (R.I. 2001).
The writ of nolle prosequi has a long-standing history in our law, dating back at least to the reign of Charles II. (Rogers v.Hill, 22, R.I. 496, 497 (1901). However, the Rhode Island Rule is substantially different from the Federal Rule. Federal Rule of Criminal Procedure 48, expressly requires "leave of court" for a nolle prosequi. It is distinguishable from the Rhode Island Rule. Of course, the Rhode Island Attorney General is constitutionally empowered with almost all powers of prosecution via Rhode Island Constitution Article 9, Section 11. The Attorney General is directly elected and he derives his power independently of the judiciary. Regardless of what is done in the federal realm, dismissals in Rhode Island Courts under Rule 48(a) are solely the province of the Attorney General.[2]
 2. Unless otherwise noted, the effect of a dismissal by the State is a dismissal without prejudice.
Given that the Attorney General independently has the power to dismiss a charge pursuant to Criminal Rule 48(a), the State withdraws such charge, rather than dismissing the charge with prejudice. As our high court said in State v. Reis, 815 A.2d 57
at 65 (R.I., 2003) "a Rule 48(a) dismissal is not an acquittal . . . furthermore, by equating a voluntary dismissal of charges to an acquittal of those charges, we would be unwisely tying the hands of prosecuting attorneys." In Reis, the high court noted that the State had the ability to dismiss charges against a co-conspirator, without losing charges against the remaining defendant.
As the determination to dismiss is made independently of the Court, it is not a determination on the merits.[3]
 3. Defendant failed to meet his burden on the motion to dismiss.
This is defendant's motion to dismiss. Mr. Burke presented no testimony at hearing, other than the record of the 1994 proceedings and the Rule 48(a) dismissal form. As the 48(a) dismissal is the individual act of the State, it is Mr. Burke's burden to establish the 48(a) dismissal has a preclusive effect, and is with prejudice. He failed to do so. The uncontradicted testimony of Attorney Smith clearly establishes that the State was dismissing, and the dismissal form itself clearly established that the State was dismissing the murder charge since the wife would not testify, and could not be forced to testify because of the marital privilege. Although Mr. Burke was represented by highly competent counsel, nothing was placed upon the record to indicate that the dismissal was with prejudice, or in consideration for Mr. Burke's plea on other charges. There is no indicia in the record that the dismissal was to be with prejudice.
 Conclusion
Accordingly, the 1994 dismissal was without prejudice pursuant to State v. Reis, 815 A.2d at 65. No record was introduced to establish that the State could not reinstitute the murder charges at a later time.
Defendant's motion to dismiss is denied.
[1] The court found each of these witnesses to be highly credible. Attorney Smith was steadfast in his description of the events, although they were some time ago. Attorney Youngs was also clear and consistent, and quick to add when his memory was exhausted or when he was describing the policies of his office, rather than his precise recollection.
[2] See State v. Reis, 815 A.2d 57 (R.I. 2003); Rogers v.Hill, 22 R.I. 496 (R.I. 1901).
[3] Ironically, our Supreme Court discussed the same result in a civil context just three months ago:
 The preclusive effect of voluntary dismissals in Rhode Island is governed by Rule 41(a) of the Rhode Island Rules of Civil Procedure. Rule 41(a) (1) provides that a voluntary dismissal is without prejudice "unless other stated in the notice of dismissal or stipulation. Lennon v. Dacomed, 901 A.2d 582, 591 (R.I. 2006).